**BEXAR COUNTY ICE CREAM COMPANY, INC. and Ann Cook McCullick, Independent Executrix of the Estate of James H. McCullick, Deceased, Appellants,**

v.

**SWENSEN'S ICE CREAM COMPANY, Swensen's Ice Cream Company of Texas, and Swensen's Advertising Association, Appellees.**

No. 04–92–00354–CV.

Court of Appeals of Texas, San Antonio.

April 30, 1993.

Rehearing Denied July 14, 1993.

Leonard J. Gittinger, Jr., L. John Gittinger, III, Gittinger & Gittinger, San Antonio, for appellants.

Mary McDougle Devine, Brock & Person, P.C., San Antonio, for appellees.

Before CARR[1], GARCIA and PRESTON H. DIAL,[2] JJ.

## OPINION

DIAL, Justice, Assigned.

This appeal is from a suit for money due under four (4) franchise contracts.

The plaintiffs were Swensen's Ice Cream Company and two subsidiaries, Swensen's of Texas and Swensen's Advertising Association. The defendants were the franchisee Bexar County Ice Cream Company and guarantors W.J. Sheppard[3] and James McCullick. McCullick died before trial, and his estate became a defendant. The defendants counterclaimed for usury, deceptive trade practices, breach of contract and fraud.

The non-jury trial was before Probate Judge Keith Burris. At the end of the trial Judge Burris orally rendered his decision.

Judge Burris found that Bexar County Ice Cream had breached its contract by failing to pay late payment royalties in the amount of $46,906.52 and dues in the amount of $3,118.76 less an offset of $2,602.00. He found that McCullick's estate was jointly and severally liable for $8,587.94 for the royalties and $124.00 on the dues. He awarded Swensen's $76,000.00 against Bexar County Ice Cream for attorney's fees.

Judge Burris further found that there was no survivability of McCullick's DTPA claim or usury claim, that all usury claims were barred by the statute of limitations, and that the penalty exercised in this case was not considered interest under the usury statutes. Finally, he found no fraud exercised from the part of Swensen's in the franchise contract agreement, and that Bexar County Ice Cream's DTPA claim was barred by limitations.

Judge Burris then asked the attorneys, "Anything left that I need to resolve that I haven't. Because I don't want to have to come back a second time on this."

Counsel for the defendants (now the appellants) replied in the negative.

Before written judgment could be entered, Judge Burris died. His appointed successor, Judge Robert Lee, signed a written judgment in the case incorporating the oral rendition of Judge Burris and enlarging on it to some degree. Though Judge Lee had heard no evidence, he also filed findings of fact and conclusions of law in response to a request by the defendants.

■ The defendants now urge 28 points of error. The first 5 points of error concern the action of Judge Lee in entering the written judgment and filing findings and conclusions. We agree that a judge who has heard no evidence cannot rule on a case. *W.C. Banks, Inc. v. Team, Inc.*, 783 S.W.2d 783, 786 (Tex.App.—Houston [1st Dist.] 1990, no writ). But any error committed was harmless. We will simply consider the judgment and findings added to the record by Judge Lee as nullities.

■ We construe the oral rendition of Judge Burris as a complete and final appealable judgment effective the date of it's rendition. The fact that the judgment was orally pronounced does not effect its validity. A judgment is rendered when the decision is officially announced either orally in open court or by memorandum filed with the clerk. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 292 (1953).

Appellants contend that the oral judgment failed to dispose of all issues contained in the pleadings and the evidence. The specified issues were prejudgment interest claimed by the plaintiffs and the direct claim of Ann McCullick under the

---

1. Justice Ron Carr not participating.

2. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

3. Sheppard is not a party to this appeal.

DTPA, as distinguished from a derivative claim arising from James McCullick during his lifetime. Appellants also contend that there was an incomplete rendition since the award was not apportioned among the three plaintiffs.

■ The rule is when a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for conventional trial on the merits, it will be presumed for appeal purposes that the court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. *Northeast Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex.1966). Where a claim is not expressly disposed of by the judgment although raised by the pleadings, the judgment will be construed as denying relief upon such claim. *Vance v. Wilson*, 382 S.W.2d 107, 109 (Tex.1964).

The rule is easily applied to our present facts. The plaintiffs pleaded for prejudgment interest. By his own statement from the bench Judge Burris intended to dispose of all parties and issues. The judgment, though silent on the issue, will be construed as denying the claim for prejudgment interest. The appellants cannot be harmed by not being required to pay prejudgment interest. The appellees bring no cross-point on appeal claiming that they are entitled to such interest.

■ As to the direct claim of Ann McCullick under the DTPA, there is no pleading by Ann McCullick in her individual capacity to support such a claim. Further, the failure of counsel to request a ruling from Judge Burris on the alleged claim amounted to a waiver of the issue on appeal. TEX.R.APP.P. 52(a).

■ The appellants are not harmed by the oral rendition which did not specify how much of the judgment was to be paid to each plaintiff. If the appellants attempt to satisfy the judgment by payment to the three plaintiffs jointly, they will be entitled to a full release from all three plaintiffs. The manner of dividing the judgment proceeds among the plaintiffs will be their concern only. Appellants cite no authority

why this issue would warrant a reversal of the judgment.

As stated above, Judge Lee had no authority to file findings of fact or conclusions of law. Under these circumstances, there will be no factual resolutions presumed in the trial court's favor.

Points of error one through five are overruled.

Under point of error number seven appellants' claim that the trial court erred in holding that the usury claims were barred by the statute of limitations. All actions brought under TEX.REV.CIV.STAT.ANN. art. 5069–1.06 (Vernon 1987), the usury penalty statute, must be brought within four years from the date when the usurious charge was received or collected. The last payment of alleged usury in this case was in August 1986. Bexar County Ice Cream Company filed its original counterclaim for usury on June 10, 1988. The counterclaim of Ann McCullick for usury was filed in May of 1990. Neither claim would be barred by limitations.

The controlling issue in this case is whether the penalties or late charges were usurious interest. This is a case of first impression as no Texas appellate court has previously written on whether late charges for franchise royalties could be usurious.

Swensen's and Bexar County Ice Cream had entered into franchise agreements for the operation of four ice cream stores in Bexar County. Bexar County Ice Cream agreed to pay Swensen's a royalty of 5% of gross sales for the preceding month by the 15th of the following month. Swensen's later adopted a policy of discounts for early payments of the royalties and penalties or late charges for late payments.

The late charges were to be calculated at 15% per annum, and on the 21st day of the month, if the royalty was unpaid, 30 day's interest would be assessed. Under these circumstances, if the late charges were found to be "interest" under the Texas statutes, article 5069–1.01–1.06, they would amount to usurious interest. We conclude that the late charges are not interest and therefore are not usurious.

The Supreme Court of Texas has set out the essential elements of a usurious transaction: (1) a loan of money, (2) an absolute obligation to repay the principal, and (3) the exaction of greater compensation than allowed by law for the use of the money by the borrower. *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). It is undisputed that the facts in this case do not involve a loan of money or loan payments. The payments were consideration for the purchase and use of a license to use Swensen's trade secrets. There was no absolute obligation to repay any principal amount.

There is a line of cases holding that late charges are not usurious interest if their payment is not pursuant to a credit or lending transaction.

*Maloney v. Andrews*, 483 S.W.2d 703 (Tex.Civ.App.—Eastland 1972, writ ref'd n.r.e.) involved a suit for unpaid rentals under a lease agreement. The defendant counterclaimed that a lease provision for the payment of late charges amounted to usurious interest under TEX.REV.CIV.STAT. ANN. art. 5069–1.01(a). The court noted that provisions of the Texas Constitution authorizing the Legislature to fix maximum interest rates covered only loan transactions and applied to lenders of money. Since there was no lending transaction, the court held there was no usury present in the case.

In *Potomac Leasing Co. v. Housing Auth. of the City of El Paso*, 743 S.W.2d 712 (Tex.App.—El Paso 1987, writ denied), the issue was whether late charges and interest in a copy machine rental agreement could be usurious. The rental or lease involved no loan or credit transaction. The court pointed out that article 5069–1.01 specifically applies to credit transactions and loans and lenders of money. No where are lease agreements mentioned. The absence of a lending or credit transaction was the rationale for the holding that the transaction did not violate the usury laws, citing *Maloney*.

We note that the statute in question does not contain language which could impliedly apply to franchise agreements.

*Tygrett v. University Gardens Home Owners Ass'n*, 687 S.W.2d 481 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) involved the issue of whether a late payment penalty charge resulting from overdue condominium assessments could be usurious. The court noted that since usury must be founded on an overcharge by a lender for the use, forbearance, or detention of the lender's money, a lending transaction was necessarily required. The late charge involved was held to be not within that category because no funds of the Association were transferred or loaned to Tygrett. The court noted that the usury statutes are penal in nature and are to be strictly construed. The court concluded that the payment of late charges did not constitute the use, forbearance, or detention of a lender's money within the meaning of the usury statute.

*Apparel Mfg. Co. v. Vantage Properties, Inc.*, 597 S.W.2d 447 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.) involved a rental agreement that contained a provision for payment of additional rent in the event the regular rent was received 10 days after its due date. The appellate court stated that the appellant had been unable to point to any specific provision of article 5069–1.01–1.06 which would make it applicable to a rental transaction. The court cited the *Maloney* requirement of a lending transaction and held that the usury laws do not apply to a rental transaction of real property.

We follow the rationale of the above cases and hold that the usury laws do not apply to late charges for royalties in franchise contracts.

Appellants' cite several cases for the proposition that late charges are interest, which is true where a lending transaction is involved. They rely particularly on a statement in *Veytia v. Seiter*, 740 S.W.2d 64, 65 (Tex.App.—San Antonio 1987), *aff'd*, 756 S.W.2d 303 (Tex.1988), "Absent statutory language to the contrary, late charges are interest within the meaning of usury statutes" This statement was unnecessary dicta to the decision of the court that federal law did not preempt the claim that late charges in a real estate mortgage note

were usurious under state law. The statement was also a questionable enlargement of the language found in *Gonzales County Sav. & Loan Ass'n v. Freeman,* 534 S.W.2d 903 (Tex.1976), which was cited as authority for the statement.

*Gonzales* involved the issue of whether a loan commitment fee or premium should be considered as interest. TEX.REV.CIV.STAT. ANN. art. 852a, § 5.07 was quoted to show efforts by the legislature to exempt various charges or penalties from the definition of interest in savings and loans transactions. Penalties for late payment were expressly deemed to not be interest. The court did say at page 908, "In the absence of language setting a maximum rate for such charges or an appropriate modification of the definition of 'interest' such 'premiums' charges will be deemed to constitute interest...."

It simply does not follow from this language that late charges in cases not involving real estate mortgage loans would be usurious if not statutorily exempted. *Veytia* should be restricted to its facts.

 There is additional authority that if the sum to be paid is based on a contingency, it is not to be considered usurious. *Pansy Oil Co. v. Federal Oil Co.,* 91 S.W.2d 453 (Tex.Civ.App.—Texarkana 1936, writ ref'd) concerned a contract to buy 100,000 barrels of oil. Repayment of the principal depended on the contingency of hitting a producing oil well. The court emphasized that one of the elements of a usurious contract was that there be an agreement between the parties that the principal shall be paid absolutely. Here the repayment of any amount under the contract rested on the contingency first, that the well be drilled to produce oil and second, it would produce enough oil to fulfil the contract. The rule of the case was that when the promise to pay a sum above legal interest depends upon a contingency and not upon the happening of a certain event, the loan is not usurious.

In *Beavers v. Taylor,* 434 S.W.2d 230, 231 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.), the maker of a note sued the lender to declare the note fully paid and to recover alleged usurious interest. The monthly payments due under the note were based upon a percentage of gross sales. If the company had no gross sales, there was no requirement for any monthly payment. The court stated that a loan is not usurious where the promise to pay a sum depends upon a contingency. A contract is not usurious where the lender is to receive uncertain value even though the probable value be greater than lawful interest.

Since the amount of payments that would be due Swensen's from Bexar County Ice Cream depended on the contingency of gross sales, and since no lending or credit transaction was involved, we hold that the facts in this case do not amount to usurious interest. Points of error six through fifteen are overruled.

The appellants, through points of error sixteen through twenty-three, level various attacks on the trial court's holding concerning the DTPA claims.

The appellants' original counterclaims were filed in 1988 and 1990. The appellants did not file their DTPA counterclaims until March of 1991. There was testimony that the defendants were aware of possible DTPA violations in 1984 or possibly as far back as 1978. Section 17.565 of the DTPA provides that all actions must be brought within two years after the date on which the false, misleading, or deceptive act or practice occurred, or within two years after the consumer discovered the occurrence. The earlier usury counterclaims were relied upon also for DTPA relief, but for reasons stated above we held that there was no usury.

Any DTPA cause of action in this case would have accrued more than two years before the counterclaims were filed. Points of error eighteen and twenty are overruled. In view of our conclusion that any DTPA claims were barred by limitation, it is unnecessary to the disposition of this appeal that the other DTPA issues be discussed. TEX.R.APP.P. 90(a).

 Under point of error twenty-four appellants contend that the trial court erred in failing to hold that the guarantee

of McCullick had been revoked. There is no evidence that the guarantee had been revoked prior to McCullick's death. We agree that death revokes a continuing guarantee, and the estate should only be liable for indebtedness incurred before McCullick's death. *Tyler Bank & Trust Co. v. Shaw,* 293 S.W.2d 797, 802 (Tex.Civ. App.—Texarkana 1956, writ ref'd n.r.e.).

Judge Burris's oral rendition made no mention of revocation of the guarantee. His findings that McCullick's estate was jointly and severally liable for $8,587.94 in royalties and $124.00 in dues were for debts incurred before death. Though appellants argue otherwise, they do not favor us with any record references or computations that would support their position.

In point of error twenty-five appellants contend that the trial court erroneously included interest, late charges, and attorneys' fees in the judgment against McCullick. The judgment should not and does not contain any items for which McCullick's estate is liable except royalties and dues. Points of error twenty-four and twenty-five are overruled.

In points of error twenty-six and twenty-seven the appellants complain of the admission over objection of evidence of damages which was not supported by the pleadings. At the close of his evidence, counsel for the appellees orally moved for a trial amendment to conform the pleadings to the evidence. This was granted by the court. TEX.R.CIV.P. 66 encourages trial courts to freely allow the pleadings to be amended when the presentation of the merits of the action will be subserved, and the objecting party fails to satisfy the court that it would be prejudiced in its defense.

There is authority upholding trial amendments dictated into the record where the record does not show the amendment was later transcribed and filed. *Hubler v. Oshman,* 700 S.W.2d 694, 699 (Tex.App.—Corpus Christi 1985, no writ); *Missouri, Kansas, Texas R.R. Co. v. Gage,* 438 S.W.2d 879, 882 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.).

We conclude that the trial court did not abuse its discretion in allowing the trial amendments. Points of error twenty-six and twenty-seven are overruled.

Every issue necessary to final disposition has been addressed. TEX.R.APP.P. 90(a).

The judgment rendered orally by Judge Burris is affirmed.