**Chuck S. BARRAZA and Johnny Barraza, Appellants,**

v.

**John A. KOLIBA and Gwendolyn Sue Koliba, Appellees.**

**No. 04–94–00811–CV.**

Court of Appeals of Texas, San Antonio.

July 17, 1996.

Rehearing Overruled Aug. 7, 1996.

Robert L. Ramey, Corpus Christi, for Appellants.

Donald B. Edwards, Craig S. Smith, Smith & Edwards, Corpus Christi, Deborah Bauer, Patton & Bauer, Beeville, William H. Keys, Corpus Christi, for Appellees.

## ON APPELLEE'S MOTION FOR REHEARING

GREEN, Justice.

This Court's *en banc* opinion issued April 24, 1996 is withdrawn and the following *en banc* opinion is substituted.

This is an appeal of a take-nothing judgment on DTPA and breach of warranty counterclaims, and the award of attorney's fees against the Barraza brothers. The Barrazas complain the trial court erred by refusing to apply section 16.069 of the Civil Practices and Remedies Code to extend the Deceptive Trade Practices Act ("DTPA") statute of limitations within which time their counterclaim may be brought. Additionally, the Barrazas protest the trial court's disregard of certain jury answers; the court's finding that the suit was groundless and brought in bad faith, or for the purpose of harassment; and the unconditional award of post-trial attorney's fees to the counter-defendants. We affirm in part and reverse and render in part.

John and Gwendolyn Koliba sold a parcel of land to the Barrazas. Several years later, a dispute arose regarding the ownership of the mineral estate appurtenant to the parcel purchased by the Barrazas. The Barrazas understood the minerals to be part of the land they acquired; conversely, the Kolibas contended they had reserved the mineral rights. Almost four years after the disputed land sale, the Kolibas filed suit to obtain a declaratory judgment certifying to whom the minerals belonged. The Barrazas filed a timely counterclaim against the Kolibas. Later, the Barrazas amended their counterclaim to include a DTPA cause of action.

At the first trial in this case, the trial judge sustained the Kolibas' motion in limine, apparently concluding that because the Barrazas' DTPA counterclaim was filed more than two years after the alleged cause of action accrued, the counterclaim was time-barred. The jury decided the remaining issue—ownership of the minerals—in favor of the Kolibas, finding they had, in fact, reserved the minerals out of the parcel which they sold to the Barrazas. The Barrazas appealed to this Court where the trial court's decision was affirmed in part and reversed and remanded in part. *Barraza v. Koliba,* No. 04–92–00220–CV, slip op. at 7 (Tex. App.—San Antonio, December 9, 1992, n.w.h.) (not designated for publication).

This Court affirmed the jury verdict holding that the Kolibas owned the minerals but reversed the trial court's order precluding litigation of the Barrazas' DTPA counterclaim as barred by the statute of limitations. *Id.* This Court reversed and remanded the DTPA limitations issue because the trial court ruled on the affirmative defense of limitations during a motion in limine hearing without having a proper pre-trial motion before it or requiring proof.

At the second trial, the parties tried the DTPA issue to a jury. Disregarding certain of the jury answers, the trial court rendered a take-nothing judgment against the Barraza brothers and, finding the counterclaim was groundless and brought in bad faith or for the purpose of harassment, assessed the Kolibas' attorney's fees against the Barrazas pursuant to the DTPA. TEX.BUS. & COM. CODE ANN. § 17.50(c) (Vernon 1987). The trial court reasoned that because the DTPA counterclaim was brought more than two years after the Barrazas discovered or should have discovered the allegedly false, deceptive, or misleading act or practice that the counterclaim was barred. Additionally, the court concluded the DTPA counterclaim did not arise out of the same transaction as required by sections 16.069 and 16.068 which

permit relation back to an earlier pleading.[1] Further, the trial court awarded the Kolibas post-trial, pre-appeal, and appellate attorney's fees.

The Barrazas' first point of error challenges the trial court's finding that section 16.069, in combination with section 16.068, of the Civil Practice and Remedies Code does not extend the DTPA statute of limitations for the purpose of filing or amending a counterclaim.

■ Section 17.565 of the Texas Business and Commerce Code clearly limits the time within which a DTPA action may be brought to two years from the time the act or practice occurred or should have been discovered. TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987). Just as plainly, section 16.069 of the Civil Practice and Remedies Code permits a counterclaim or cross-claim to be brought not later than the thirtieth day after a party's answer is due, providing it arises from the same transaction. The net effect of section 16.069 is to disregard any applicable statute of limitations and to allow the counter or cross-claim even if it would be time-barred if brought as an independent action. TEX.CIV. PRAC. & REM.CODE ANN. § 16.069 (Vernon 1986).

Other courts have determined that section 16.069 operates the same in DTPA actions as it does in any other action. *See E.P. Operating Co. v. Sonora Exploration Corp.,* 862 S.W.2d 149, 151–52 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *ECC Parkway Joint Venture v. Baldwin,* 765 S.W.2d 504, 514 (Tex.App.—Dallas 1989, writ denied). The *Baldwin* court concluded that, among other reasons, because the DTPA statute of limitations was enacted with section 16.069 already in force, the legislature intended sec- · tion 16.069 to have the same force and effect in DTPA actions as in all other actions. *ECC Parkway Joint Venture v. Baldwin,* 765 S.W.2d at 514. Without stating its reasons, the court in *E.P. Operating* reached the same result. *E.P. Operating Co. v. Sonora Exploration Corp.,* 862 S.W.2d at 152 (quoting *Baldwin* before categorically stating that § 16.069 applies to DTPA actions the same as to any other action).

■ The plain language of section 16.069 leads us to the conclusion, and we expressly hold, that section 16.069 applies equally to the DTPA as to all other actions. Further, as stated in *E.P. Operating,* we find that section 16.068 permits the amendment of a DTPA counterclaim which is timely filed pursuant to section 16.069, provided the amendment is rooted in the same transaction as the original suit. As a consequence, we find that jury questions 2 and 4, which answer when the Barrazas discovered or should have discovered any false or misleading act or practice by the Kolibas, are immaterial and should be disregarded.

Appellees argue that our decision in *Bexar County Ice Cream v. Swensen's Ice Cream,* 859 S.W.2d 402, 407 (Tex.App.—San Antonio 1993, writ denied), controls the applicability of section 16.069 to a DTPA counterclaim. However, while applying the DTPA statute of limitations to counterclaims, the court in *Bexar County Ice Cream* did not address section 16.069 directly nor did it explain what part, if any, section 16.069 played in its decision. *Bexar County Ice Cream v. Swensen's Ice Cream,* 859 S.W.2d at 407. Even so, to the extent that *Bexar County Ice Cream* can be read to say that section 16.069 does not

---

1. Section 16.069 reads as follows:

    (a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

    (b) The counterclaim or cross-claim must be filed not later than the 30th day after the date on which the party's answer is required.

    TEX.CIV.PRAC. & REM.CODE ANN. § 16.069 (Vernon 1986).

Section 16.068 permits the amendment of an earlier filed claim when it states that:

    If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not the subject of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.069 (Vernon 1986).

extend the DTPA statute of limitations, it is hereby expressly overruled.

■ Having decided that sections 16.069 and 16.068 have the same effect in DTPA actions as in any other type of action, it is necessary to decide if Barrazas' DTPA counterclaim arose from the same transaction as the Kolibas' original suit for declaratory judgment. Despite Appellees' protestations to the contrary, we conclude that it did. The conclusion seems inescapable that a suit seeking to construe a title conveyance document, and a counterclaim alleging that one party misrepresented what was being conveyed by the title conveyance document, arose from the same transaction.

The Kolibas argue, however, that the amended counterclaim must arise from and relate to the same transaction as the original counterclaim, as opposed to arising from the same transaction as the original suit. The Kolibas reason that because the original counterclaim endeavored to recover royalties and the amended claim alleged a misrepresentation during purchase negotiations, the amended counterclaim did not arise from the same transaction as the original counterclaim and, thus, was impermissible under section 16.068.

We find the Kolibas' argument unavailing because to read the statute as they urge would be to ignore the last clause of section 16.068. In that clause, section 16.068 unambiguously permits an amendment to change the facts, grounds of liability or defense alleged in the original pleading provided the original pleading was timely filed. TEX.CIV. PRAC. & REM.CODE ANN. § 16.068 (Vernon 1986). Additionally, to read section 16.068 as suggested by the Kolibas defeats the purpose of section 16.069 which permits filing a counterclaim as long as it relates to the same transaction as the original action. In the instant case, both the original and amended counterclaims relate to the same transaction or occurrence—the sale of a parcel of land from the Kolibas to the Barrazas. Point of error one is sustained.

Point of error two complains the trial court erred by disregarding jury answers 1, 3, 5, 6 and 7. In answers 1, 3 and 5, the jury found that the Kolibas' "false, misleading, or deceptive act[s] or practice[s]," and failure to comply with an express warranty, were both producing causes of the Barrazas' damages. Answers six and seven specified the amount of the Barrazas' damages and attorney's fees. The trial court judgment specifically relied on a finding that section 17.565 of the Business and Commerce Code bars a DTPA counterclaim two years after it is, or should have been, discovered. Also, the trial court held that the amended counterclaim was not timely and did not arise out of the same transaction as required in sections 16.068 and 16.069.

As noted above, we have held as a matter of law that sections 16.068 and 16.069 apply cumulatively to extend the statute of limitations for a DTPA counterclaim. Accordingly, the trial court erred in disregarding the answers to the DTPA jury questions. Point of error two is sustained. The Barrazas' liability findings are reinstated.[2]

■ In points of error three and four, the Barrazas complain of the trial court's finding that Barrazas' lawsuit "was groundless and was motivated solely by bad faith and brought for the sole purpose of harassment" and the consequent award of post-trial, pre-appeal, and appellate attorney's fees pursuant to the Kolibas' DTPA counterclaim. In light of the foregoing ruling concerning the vitality of the Barrazas' DTPA claims, the award of attorney's fees to the Kolibas cannot stand. The determination of whether a suit "was groundless and was motivated solely by bad faith and brought for the sole purpose of harassment" is a question of law for the court subject to an abuse of discretion standard. TEX.BUS. & COM.CODE ANN. § 17.50(c) (Vernon 1987); *Donwerth v. Preston II Chrysler–Dodge,* 775 S.W.2d 634, 637 (Tex.1989). Because the trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion, the Barrazas'

2. The Kolibas bring a cross-point challenging the legal and factual sufficiency of the evidence supporting the jury's damages finding, which is addressed later. However, no challenge is made to the legal or factual sufficiency of the evidence supporting the jury's liability findings. Consequently, that part of the verdict is not at issue in this appeal.

third and fourth points of error are sustained. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

By cross-point, the Kolibas challenge the legal and factual sufficiency of the evidence supporting the jury's damages finding. Specifically, the Kolibas claim there is no evidence of the date-of-purchase market value of the land without minerals, and the Barrazas have thus failed to establish an essential element of the damages calculation. We agree.

When addressing a legal sufficiency, or "no evidence," point, the reviewing court considers only the evidence and inferences that, when viewed in their most favorable light, tend to support the finding, and disregards all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). If there is more than a scintilla of evidence to support the finding, the "no evidence" point must be overruled and the finding upheld. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988). If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge fails. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987).

The Barrazas claim they were damaged because they paid for land they thought included mineral rights when, in fact, the land did not include mineral rights. The relevant point in time for determining the damages is the date of the purchase. *Leyendecker & Assoc., Inc. v. Wechter*, 683 S.W.2d 369, 373 (Tex.1984). The jury was instructed that the Barrazas' damages were to be calculated by measuring the difference in the date-of-purchase market value of the land with, and without, mineral rights.

The evidence concerning market value came in through the testimony of the Barraza brothers. The Kolibas contend the Barraza brothers are legally incompetent to testify to the value of the mineral estate because they do not own the minerals, and neither Johnny nor Chuck Barraza is an oil and gas or real estate expert. Moreover, the Kolibas assert that the only means by which the Barrazas could prove the value of the mineral estate, and their alleged damages, was to introduce expert testimony, which they failed to do. Hence, following the Kolibas' rationale, and because the only testimony pertaining to the value of the mineral estate was that of the Barrazas, there is "no evidence" in the record to support the jury's findings.

To be admissible, lay opinion testimony must be "rationally based on the perception of the witness." TEX.R.CIV.EVID. 701. Courts, historically, have permitted lay witnesses to testify to the value of their real property if they can show a basis for their knowledge. *See Hochheim Prairie Farm Mut. Ins. Ass'n v. Burnett*, 698 S.W.2d 271, 276 (Tex.App.—Fort Worth 1985, no writ) (homeowner permitted to testify regarding value of house before and after fire based on personal knowledge); HULEN D. WENDORF ET AL., TEXAS RULES OF EVIDENCE MANUAL, at VII–8, 9 & nn. 34–38 (3d ed. 1994). A landowner can testify to the market value of his property despite being incompetent to testify to the value of like property belonging to another. *See Porras v. Craig*, 675 S.W.2d 503, 504 (Tex.1984).

The Barrazas testified to the amount paid for the land in June 1986, when it was thought that the purchase included mineral rights. This testimony was admissible as being within the personal knowledge of the witnesses. As the owner of the property, Chuck Barraza also properly testified to his lay opinion of the current market value of the land, which was acknowledged to be without mineral rights. And since they did not own the mineral estate and were not qualified as experts, the Barrazas' attempts to testify to the value of the mineral estate were properly excluded.

The above cited evidence raises more than a scintilla of evidence of the market value of the property, including mineral rights, on the date of purchase. As indicated, the Barrazas testified to what they paid for the property, thinking it included the mineral rights. Accordingly, we find this evidence to be legally sufficient. But we find the evidence is legally insufficient to sustain the other leg of the damages model—the market value of the land, without minerals, on the date of purchase. The only evidence arguably admitted

on this issue again came in through the Barrazas, whose testimony was limited to the market value of the land *as of the date of trial.*[3] This testimony does not constitute evidence of the market value at the time of purchase, which evidence is essential to the damages calculation. *See HOW Ins. v. Patriot Financial Services,* 786 S.W.2d 533, 546 (Tex.App.—Austin 1990, writ denied); *overruled on other grounds,* 843 S.W.2d 464, 470 (Tex.1992); *Corpus Christi Dev. Corp. v. Carlton,* 644 S.W.2d 521, 522 (Tex.App.—Corpus Christi 1982, no writ).

The only damages evidence before the jury concerning the land was of market value with minerals in June 1986, and market value without minerals in October 1992. The length of time between the two valuations destroys any reasonable correlation for comparison in a damages calculation. Accordingly, the Barrazas have failed to establish this component of their damages in accordance with the proper legal standard.

The remaining damages component, that of the award of attorney's fees incurred by the Barrazas in the prior declaratory judgment lawsuit won by the Kolibas, has also been challenged on the basis that such fees are "legally barred" as a result of the final judgment in that cause. We must consider that had the Barrazas' DTPA counterclaim been tried, as it should have been, in the same lawsuit as the Kolibas' title action, instead of in this case, the result would have been the same. Failure to prove actual damages is fatal to their DTPA claim and, whether the claim was tried in the previous case or in this case, the Barrazas are not entitled to recover attorney's fees because they did not prevail. The Kolibas' cross-point is sustained.

The take-nothing judgment in favor of the Kolibas on the DTPA and breach of warranty claims is affirmed. The award of attorney's fees to the Kolibas on their DTPA counterclaim is reversed and rendered that the Kolibas take-nothing.

---

**3.**
    Q. (To Johnny Barraza) Mr. Barraza, what do you think is the market value of your property today per acre?
    . . . .
    A. I would think in the neighborhood of $500.
    Q. How much did you pay per acre for the property?
    A. 850 an acre.
    Q. (To Chuck Barraza) Mr. Barraza, do you have an opinion as to what your property that you own with your brother Johnny is worth today?
    A. Yes, sir.
    Q. What is that opinion?
    A. About 500 an acre.