# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00884-CV

---

**S. A., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 452ND DISTRICT COURT OF MCCULLOCH COUNTY
### NO. 2018143, THE HONORABLE ROBERT R. HOFMANN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

S.A. appeals from the trial court's order terminating his parental rights to his daughter, who was four years old at the time of trial. In one issue, S.A. contends that the termination order is void because the trial court lost jurisdiction in the case when it failed to commence the trial on the merits before the deadline set forth in Section 263.401 of the Texas Family Code. *See* Tex. Fam. Code § 263.401. Because we conclude that the trial court had jurisdiction over the termination proceedings, we affirm the trial court's termination order.

## BACKGROUND

*Legal Background*

In termination cases filed on or after September 31, 2017, the jurisdiction of the trial court automatically terminates if the court fails to commence trial by the deadline set forth in Section 263.401. Specifically, Section 263.401, subsection (a), states:

> Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order. Not later than the 60th day before the day the suit is automatically dismissed, the court shall notify all parties to the suit of the automatic dismissal date.

Tex. Fam. Code § 263.401(a).

In this case, the record establishes that on September 25, 2018, the Texas Department of Family and Protective Services filed a suit affecting the parent-child relationship seeking, in part, termination of S.A.'s parental rights. That same day, the trial court rendered temporary orders. Consequently, the automatic-dismissal deadline for the court to "commence[] the trial on the merits" or "grant[] an extension" was September 30, 2019.

*Procedural History*

On September 25, 2019, the trial court called the case for announcements, and the parties announced ready to proceed. In its opening statement, the Department explained that S.A. was the child's "alleged father" and that it was seeking termination of S.A.'s parental rights based on a mediated settlement agreement in which S.A. agreed to sign a "waiver of interest" as to any possible parental rights he might have.[1] The Department then presented the testimony of two witnesses, the Department caseworker and the Department conservatorship supervisor.

---

[1] A Department caseworker testified that the child's mother was married to another man at the time of the child's birth and that this man was the child's "presumed" father." However, according to the caseworker, the child's mother denied that she and the presumed father had been in contact at any time in the last ten years, and the presumed father denied that he was the child's biological father. At the September 25 proceedings, the Department told the trial court that the

The caseworker testified that she had attended the mediation and that at the mediation S.A. agreed to sign a "waiver of interest." However, on cross-examination, the caseworker admitted that both S.A. and the child's presumed father believed that S.A. was, in fact, the child's biological father. In addition, the conservatorship supervisor testified that S.A. had stated that he was the child's biological father and "wanted paternity testing completed" to prove that he was the child's biological father and that S.A. believed "a fraud had been completed . . . between him and the mother." At the conclusion of the supervisor's testimony, the Department requested that the trial court put the case "in recess" and informed the court that it had "a couple of procedural things that it would like to address." After S.A.'s counsel stated that he did not object to the Department's request, the trial court announced a recess.

On October 16, 2019, the trial court signed an order that included a finding that genetic testing had been completed, adjudicated S.A. as the child's biological father, and dismissed the child's "presumed father" from the suit. Pursuant to an "order recessing and resetting the final trial," signed by the trial court on October 24, the trial reconvened on November 20, 2019. At the beginning of the proceedings, the Department informed the trial court that due to the adjudication of S.A.'s paternity, it was seeking termination of S.A.'s parental rights on grounds of endangerment under subsections (D) and (E) of Section 161.001(b)(1) of the Family Code. *See id.* § 161.001(b)(1)(D), (E). At the conclusion of the trial, the court signed an order terminating S.A.'s parental rights. This appeal followed.

---

child's mother had voluntarily relinquished her parental rights and that it was seeking termination of the presumed father's parental rights on grounds that he had abandoned the child.

3

**DISCUSSION**

In his sole issue on appeal, S.A. contends that the trial proceedings that resulted in the termination of his parental rights were untimely under subsection (a) of Section 263.401 and that, therefore, the order terminating his parental rights is void for lack of jurisdiction. *See id.* § 263.401); *In re K.B.*, No. 09-19-00239-CV, 2019 Tex. App. LEXIS 10570, at *9 (Tex. App.—Beaumont Dec. 5, 2019, no pet.) (mem. op.) (noting that "an order rendered after the trial court loses jurisdiction is void" and therefore, termination order was "void for lack of jurisdiction" because trial did not commence by automatic-dismissal deadline under section 263.401).

S.A. does not dispute that generally, a trial on the merits "commenced" on September 25, 2019, within the meaning of Section 263.401. Moreover, S.A. does not dispute that the trial could have recessed on September 25, after commencing the trial, and then continued the proceedings on November 20, 2019, without losing jurisdiction. *See In re R.J.*, 568 S.W.3d 734, 747 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (concluding that trial "commenced" before recessing); *see also In re H.B.C.*, No. 05-19-00907-CV, 2020 Tex. App. LEXIS 669, at *30-31 (Tex. App.—Dallas Jan. 23, 2020, no pet.) (mem. op.) (concluding that trial "commenced" before recessing). Instead, S.A. argues that the November 20 proceedings were not, in fact, a continuation of the trial that began on September 25. According to S.A., the September 25 proceedings were abandoned, and the proceedings on November 20 constituted a "new and second trial."[2] S.A. contends that because this "new trial" did not commence by

---

[2] Although not entirely clear, S.A.'s argument on appeal seems to assume that a trial court, as a matter of law, lacks jurisdiction to conduct a new trial after the automatic-dismissal deadline under subsection (a) has passed. We note, however, that subsection (b-1) expressly provides that a trial court may grant a motion for new trial or mistrial after the initial commencement of a timely trial on the merits, retain the case on its docket, and extend the

4

September 30, 2019—the automatic-dismissal deadline under subsection (a) of Section 263.401, the trial court was without jurisdiction when it rendered judgment terminating his parental rights.

Whether a trial court possesses subject-matter jurisdiction is a question of law that we review de novo. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). In analyzing S.A.'s jurisdictional challenge, we begin with S.A.'s assertion that that the trial proceedings on November 20 constituted a "new trial" and not a recess or continuation of the trial that began on September 25. In his appellate brief, S.A. argues that the proceedings on November 20 constituted a "new trial" because they were presided over by a different judge from the one that presided over the September 25 proceedings and because this was a bench trial, that means the matter was heard by a different trier of fact. However, S.A. does not cite any authority to support his argument that a substitution of a judge after a trial has commenced is necessarily prohibited or that proceedings held by a successor judge are converted, in effect, into a new trial. Rather, it is well established in Texas law that a change in judges, even midway through trial, may occur and that this change, standing alone, does not deprive the trial court of jurisdiction over the case. *See* Tex. R. Civ. P. 18 (providing that if "the judge dies, resigns, or becomes unable to hold court during the session of court . . . then such court shall be deemed to continue in session" and successor judge "may continue to hold said court . . . and all motions undisposed shall be heard and determined by him"); *Porter v. Vick*, 888 S.W.2d 789, 790 (Tex. 1994) ) (holding that successor judge's order granting new trial was not void, even though evidentiary grounds were raised in motion for new trial and successor judge had not heard evidence), *overruled on other grounds by In re Baylor Med. Ctr.*, 280 S.W.3d 227 (Tex. 2008); *Noell v. City of Carrollton*,

automatic-dismissal deadline. *See* Tex. Fam. Code § 263.401(b-1). Accordingly, we liberally construe S.A.'s argument on appeal to be that the trial court conducted a new trial on November 20, but did not extend the automatic-dismissal deadline pursuant to subsection (b-1).

5

431 S.W.3d 682, 702-03 (Tex. App.—Dallas 2014, pet. denied) (concluding that complaint that successor judge, who did not preside over trial, lacked authority to sign judgment for injunctive and declaratory relief was not complaint that implicated court's jurisdiction); *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 846-47 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (holding that trial court did not err in allowing substitution of trial court judge after original trial judge became ill three months into lengthy trial). If a party believes that a continuation of trial after a substitution of the presiding judge will result in an unfair proceeding, that party should object to the substitution, move for a mistrial, or otherwise bring the alleged error to the attention of the trial court. *See* Tex. R. App. P. 33.1(a) (preservation of error); *see also Bexar Cty. Ice Cream Co. v. Swensen's Ice Cream Co.*, 859 S.W.2d 402, 404-05 (Tex. App.—San Antonio 1993, writ denied) (agreeing that "judge who has heard no evidence cannot rule on a case" but concluding that any error committed in that case was harmless). In the proceedings below, S.A. did not object to the change in presiding judge or otherwise bring the alleged error to the attention of the trial court. S.A.'s contention that the November 20 proceedings constitutes a new trial because a different judge presided over these proceedings is incorrect.

As previously discussed, in the absence of an extension, the statutory deadline for the court to "commence[] the trial on the merits" was September 30, 2019. The record shows that at the September 25 proceedings, the trial court asked for announcements, the parties announced ready for trial, the Department called and presented the testimony of two witnesses, and S.A.'s counsel cross-examined the witnesses. Thus, when the trial court granted the Department's request for a recess, the trial proceedings had already substantively commenced. *See In re R.J.*, 568 S.W.3d at 747 (concluding that trial had "commenced" before recessing when parties announced ready, witnesses were sworn, procedural objection ruled on, and witness

testified); *see also In re D.S.*, 455 S.W.3d 750, 752 (Tex. App.—Amarillo 2015, no pet.) (concluding that trial had not "commenced" when trial court called attorneys to bench, inquired into length of time trial would take, and then recessed, and explaining that "263.401 of the Texas Family Code requires more than a putative call of the case and an immediate recess " and that "at a minimum the parties should be called upon to make their respective announcements and the trial court should ascertain whether there are any preliminary matters to be taken up"). Moreover, the evidence does not suggest, and S.A. does not assert, that the actions of the trial court or the Department's counsel on September 25 "were merely perfunctory, feigned or superficial, undertaken solely or primarily for the purpose of avoiding an automatic dismissal." *See In re H.B.C.*, 2020 Tex. App. LEXIS 669, at *30-31 (concluding that trial "commenced" when "the court called the case to trial, received announcements of ready from counsel for the [parties], and the attorney ad litem, considered various pretrial matters raised by the parties' counsel who were present, swore in a witness, was asked to invoke the rule, and received brief testimony from one of the Department's witnesses before trial was recessed"). Based on the record before us, we conclude that the trial court "commenced the trial on the merits" on September 25, five days before the automatic-dismissal deadline under Section 263.401(a).

Because the trial court timely commenced a trial on the merits on September 25, and because the November 20 trial proceedings were a continuation of the September 25 proceedings and not a "new trial," we conclude that the trial court had jurisdiction over the suit to terminate S.A.'s parental rights. We overrule S.A.'s sole issue on appeal.[3]

---

[3] Although not raised as a separate issue, S.A. argues that the substitution in presiding judges violated his due process rights under the Fourteenth Amendment. *See In re B.L.D.*, 113 S.W.3d 340, 352 (Tex. 2003) (explaining that "proceedings to terminate parental rights must comply with the requirements of procedural due process"). In the proceedings below, however, S.A. did not

7

## CONCLUSION

Having concluded that the trial court had jurisdiction, we affirm the trial court's termination order.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed:   April 29, 2020

---

object to the substitution or otherwise assert that his due process rights were violated in any way. Accordingly, we conclude that he has not preserved this argument for our review. *See* Tex. R. App. P. 33.1(a); *In re L.M.I.*, 119 S.W.3d 707, 708-09 (Tex. 2003) (holding that appellant waived due process argument in appeal of termination order by failing to raise argument in trial court); *P.R.M. v. Texas Dep't of Family & Protective Servs.*, No. 03-16-00065-CV, 2016 Tex. App. LEXIS 9468, at *9 (Tex. App.—Austin Aug. 26, 2016, no pet.) (mem. op.) (concluding due process argument was not preserved for appellate review).