**Reversed and Remanded and Opinion filed August 31, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00849-CV**

---

**RODGER A. WEISS, Appellant**

**V.**

**KENNETH D. EICHNER, P.C., Appellee**

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1115309**

---

**O P I N I O N**

Appellant Rodger Weiss challenges the trial court's reconsideration of an interlocutory order granting his bill of review and rendition of judgment dismissing his bill of review, arguing in two issues that the trial court lacked authority or power to take those actions. We conclude that the trial court had the authority to reconsider its prior interlocutory order, though we agree with Weiss that the trial court lacked authority to render judgment on his bill of review because the presiding judge did not hear the evidence on which she purported to render

judgment. We reverse the judgment of the trial court and remand the case to the trial court for further proceedings.

## I.  BACKGROUND

A default judgment was rendered against Weiss on May 7, 2008 in favor of Kenneth D. Eichner, P.C. (Eichner) in cause number CV52C02022425, Harris County Justice Court, Precinct 5, Place 2. Nine years later, Weiss filed a bill of review in the same court under cause number 175200174981, seeking to set aside the judgment. In his bill of review, Weiss claimed that he never received service of the suit and only learned of the judgment after his bank contacted him following receipt of a turnover order. The justice court denied Weiss's bill of review on July 12, 2018, which Weiss appealed via a trial de novo to County Civil Court at Law No. 4. *See* Tex. R. Civ. P. 506.3 (appeal from judgment in justice court "must be tried de novo in the county court"); Tex. Gov't Code Ann. § 25.1032(a) (county civil court at law has jurisdiction in appeals of civil cases from justice courts in Harris County).

After an evidentiary hearing that began on May 28, 2019, the trial court signed a July 17, 2019 order granting Weiss's bill of review[1], setting aside the prior judgment in cause number CV52C02022425, realigning the parties with Eichner as plaintiff and Weiss as defendant.[2] The July 17, 2019 order contained a Mother

---

[1] Eichner appealed the July 17, 2019 order to this court. Following a motion to dismiss on September 30, 2019, this court dismissed Eichner's appeal. *Eichner v. Weiss*, No. 14-19-00693-CV, 2019 WL 5078646, at *1 (Tex. App.—Houston [14th Dist.] Oct. 10, 2019, no pet.) (mem. op.) (per curiam).

[2] Harris County Civil Court at Law No. 4 is a statutory county court whose jurisdiction is prescribed by statute. *See* Tex. Gov't Code Ann. §§ 25.0003, .1032. A "statutory county court" is a court created by the legislature under article V, section 1 of the Texas Constitution. Tex. Gov't Code Ann. § 21.009(2). A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts. Tex. Gov't Code Ann. § 25.0003(a).

Hubbard clause, which is insufficient to create a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001) ("We no longer believe that a Mother Hubbard clause in an order or in a judgment issued without a full trial can be taken to indicate finality"). The presiding judge, Hon. Lesley Briones, was unavailable on the hearing date, so another county-court-at-law judge, Hon. George Barnstone, presided over the initial portion of the bill-of-review proceedings.[3] Rather than proceeding with trial on the merits, Eichner filed a "motion for new trial" asserting the trial court erred because there was no evidence of extrinsic fraud that would toll the statute of limitations on Weiss's bill of review. This "motion for new trial" was functionally a motion for reconsideration. *See generally Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("[W]e look to the substance of a motion to determine the relief sought, not merely to its title.").

However, even though Eichner's "motion for new trial" stated the order granting Weiss's bill of review was a final judgment and the parties filed briefing as if it were, the trial court's order granting the bill of review was interlocutory. *See Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) (per curiam) ("A bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable."); *see also Lehmann*, 39 S.W.3d at 192–93 (Tex. 2001) (absent a conventional trial, "a judgment . . . is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a

---

[3] *See* Tex. Gov't Code Ann. § 74.121 ("The judges of constitutional county courts, statutory county courts, justice courts, and small claims courts in a county . . . may exchange benches and courtrooms with each other so that if one is absent, disabled, or disqualified, the other may hold court for him without the necessity of transferring the case. Either judge may hear all or any part of a case pending in court and may rule and enter orders on and continue, determine, or render judgment on all or any part of the case without the necessity of transferring it to his own docket.").

final judgment as to all claims and all parties"). The order granting Weiss's bill of review only set aside the prior judgment and did not dispose of the case on the merits.

Following a hearing on Eichner's "motion for new trial," Judge Briones signed a September 25, 2019 "Order Granting Defendant's Motion for New Trial and Final Judgment" that: (1) withdrew the previous July 17, 2019 order granting the bill of review, declaring the previous order "null and void"; (2) denied Weiss's bill-of-review claim against Eichner and rendered judgment that Weiss take nothing; (3) awarded Eichner attorney's fees, both for trial and appeal; and (4) rendered a final and appealable judgment.

## II.    ANALYSIS

### A.    Legal framework

A bill of review is an equitable proceeding brought by a party seeking to collaterally attack and set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). Bill-of-review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Id.* at 406–07. When the bill-of-review plaintiff claims lack of service, the trial court should: (1) dispense with any pretrial inquiry into a meritorious defense, (2) hold a trial, at which the bill-of-review plaintiff assumes the burden of proving that the plaintiff was not served with process, thereby conclusively establishing a lack of fault or negligence in allowing a default judgment to be rendered, and (3) conditioned upon an affirmative finding that the plaintiff was not served, allow the parties to revert to their original status as

4

plaintiff and defendant with the burden on the original plaintiff to prove his or her case. *Caldwell v. Barnes*, 154 S.W.3d 93, 97–98 (Tex. 2004).

A bill of review is subject to a four-year limitations period, which may be tolled if there is a showing of extrinsic fraud. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012); *see* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (residual statute of limitations); *Law v. Law*, 792 S.W.2d 150, 153 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (bill of review must be filed within four years, with possible extension on showing of extrinsic fraud). Extrinsic fraud is fraud that denies a litigant the opportunity to fully litigate at trial all the rights or defenses that could have been asserted. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003). It occurs when a litigant has been misled by his adversary by fraud or deception, or was denied knowledge of the suit. *PNS Stores*, 379 S.W.3d at 275.

## B. Judge Briones was not authorized to render judgment

In his first issue, Weiss argues that Judge Briones's final judgment is void because she did not hear the evidence on which the judgment is based. Because appellate courts do not have subject-matter jurisdiction over void judgments, we will address this issue first. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) (per curiam).

We must determine whether the defect alleged by Weiss renders the judgment void or merely voidable. *PNS Stores, Inc.*, 379 S.W.3d at 272 n.8. Weiss brings a direct attack here—an appeal of the trial court's judgment—after properly preserving error in the trial court.[4] "The distinction between void and voidable

---

[4] A void judgment is typically an issue of fundamental error. Fundamental error "survives today in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the

5

judgments is critical when the time for a direct attack has expired. Before then, the distinction is less significant because—whether the judgment is void or voidable—the result is the same: the judgment is vacated." *Id*. at 272. However, the distinction also affects this court's jurisdiction.

A judgment is void when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to [render] the particular judgment, or no capacity to act." *Id*. The supreme court has specifically concluded that if a trial court lacks authority to take some action, but engages in such action anyway, that action is void. *See Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 137, 140 (Tex. 2017) ("[B]ecause no provision grants successor judges the authority to file findings on behalf of their predecessors displaced by an election, we agree . . . that Judge Williams's findings were invalid."). Therefore, we must determine whether Judge Briones had authority to render judgement after a bench trial though she heard no evidence personally.

The rules of practice and procedure in statutory county courts allow judges to exchange courts and transfer cases from one court to another. *See* Tex. Gov't Code Ann. § 74.121 ("The judges of . . . statutory county courts, justice courts, and small claims courts in a county . . . may exchange benches and courtrooms with each other so that if one is absent, disabled, or disqualified, the other may hold court for him without the necessity of transferring the case."). The rules also permit a practice in which one trial judge hears part of a case and determines some issues while another trial judge completes the case. *Id*. ("Either judge may hear all or any part of a case pending in court and may rule and enter orders on and continue, determine, or render judgment on all or any part of the case without the necessity of transferring it to his own docket"). However, Government Code section 74.121

Constitution of Texas." *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982). It is a rarely used exception to procedural preservation rules. *See In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003).

is silent as to whether a judge has authority to render judgment following a bench trial when he or she has not personally heard the evidence.

Texas Rule of Civil Procedure 18 provides authority to successor judges to "hold [] court for the term provided, and all motions undisposed of shall be heard and determined by him, and statements of facts and bills of exception shall be approved by him." Tex. R. Civ. P. 18 ("When judge dies during term, resigns or is disabled"). Though neither Judge Briones nor Judge Barnstone is a successor judge as contemplated by Rule 18, Texas courts have interpreted Rule 18 to support a prohibition against a judge rendering judgment, in a bench trial, when the judge has not personally heard the evidence on which the judgment is based. *See Masa Custom Homes, LLC v. Shahin*, 547 S.W.3d 332, 336 (Tex. App.—Dallas 2018, no pet.) (presiding judge died before rendering judgment and successor judge had no power to render judgment without hearing evidence); *see Gathe v. Gathe*, 376 S.W.3d 308, 318–19 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (successor judge could not "reinstate" divorce decree that had previously been set aside without hearing evidence); *Bexar Cnty. Ice Cream Co., Inc. v. Swensen's Ice Cream Co.*, 859 S.W.2d 402, 404 (Tex. App.—San Antonio 1993, writ denied), *overruled on other grounds by Barraza v. Koliba*, 933 S.W.2d 164, 167 (Tex. App.—San Antonio 1996, writ denied) ("We agree that a judge who has heard no evidence cannot rule on a case."); *cf. Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 846–47 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (no error in substitution of judge who heard only some evidence and denied motion for mistrial in jury trial, because judge was not factfinder).

The reasoning for this prohibition goes beyond Texas Rule of Civil Procedure 18 and is in essence an expression of the public interest in the integrity of the trial judge sitting as factfinder. *See* Tex. R. Civ. P. 18. In a bench trial, the

trial judge observes the demeanor of the witnesses and weighs the evidence. *Masa Custom Homes*, 547 S.W.3d at 337 ("Only the judge who presides over the bench trial can see and observe the witnesses' mannerisms, reactions, and demeanor."). "Drawing on these observations, the presiding judge, acting as factfinder, determines the facts from the disputed evidence." *Malone v. PLH Group, Inc.*, 570 S.W.3d 292, 295 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Because of the differences in reading the record and presiding over the trial, "courts have recognized the narrow, but essential exception to the otherwise relatively free exchange of benches provided for by the rules and the constitution: a judge who did not hear the evidence in a bench trial cannot thereafter read the trial record and then render judgment in the case." *Masa Custom Homes*, 547 S.W.3d at 337; *see Malone*, 570 S.W.3d at 295 ("Another judge exercising a judicial role in the same court is not authorized to render judgment without hearing any of the evidence on which the judgment is based.").

Here, Judge Briones, the presiding judge, was not present for the trial on Weiss's bill of review. She did not hear any evidence at the hearing on Eichner's motion for new trial, nor was any attached to the motion itself. Therefore, there was no evidence before Judge Briones when she considered Eichner's request for rendition. Though Eichner's primary argument in its motion for new trial was that Weiss was precluded from pursuing his bill of review as a matter of law for failure to allege any extrinsic fraud, the trial court's judgment does not reflect that it was rendered solely on legal issues. The judgment rendered by Judge Briones makes clear it was rendered on the evidence presented and on file[5]:

> The Court having considered the pleadings, the Court's foregoing order granting Defendant's Motion for New Trial, the

---

[5] Judge Briones also made findings of fact and conclusions of law, which comprehensively address the testimony received at trial.

evidence and record presented and on file in this cause, and the arguments of counsel and is of the opinion that judgment should be rendered for Defendant Kenneth D. Eichner, P.C.

IT IS THEREFORE ADJUDGED, DECREED AND ORDERED AS FOLLOWS:

The Plaintiff Rodger A. Weiss's Bill of Review claim is DENIED in all respects and Plaintiff Rodger A. Weiss shall take nothing against Defendant Kenneth D. Eichner, P.C.

Eichner argues that Weiss incorrectly assumes that Judge Briones was a successor judge and was limited from issuing judgment on a case heard or partially disposed of by the other statutory-county-court judge that presided over the bill-of-review trial. We agree with Eichner that Judge Briones was not a successor judge when she rendered judgment on the bill of review, and we also agree that there were no undisposed motions or unresolved matters at issue in this case. However, we disagree with Eichner's conclusion that Judge Briones had authority to render judgment in favor of Eichner. The law is clear that in a bench trial, a judge may not render judgment on evidence that he or she has not personally heard. Though some of the cases cited by Weiss address factual scenarios involving a successor judge, it is immaterial whether the judge is a successor judge, the presiding judge, or a temporary judge. The principle that a judge may not render judgment on evidence that he or she has not personally heard remains applicable.

Next Eichner argues that his motion for new trial was akin to a motion notwithstanding the verdict and that Judge Briones could have properly rendered judgment as a matter of law. However, as already discussed above, the language of the judgment itself does not support Eichner's argument.

Here, we follow precedent from our high court and conclude that, because there is no authority in the law or the rules granting Justice Briones power to

9

render judgment on evidence she did not hear, Judge Briones' rendition of judgment was both error and void. *See Ad Villarai, LLC*, 519 S.W.3d at 140. Therefore, we reverse the judgment of the trial court and remand the case for further proceedings on Weiss's petition for bill of review. Based on our conclusion, we need not address the parties' arguments regarding the propriety of the award of attorney's fees to Eichner. Tex. R. App. P. 47.1.

We sustain Weiss's first issue.

## C.     Trial court did not err in granting the motion for new trial

In his second issue, Weiss argues that the trial court erred by granting a new trial "without hearing any evidence at trial or observing the witnesses' mannerisms, reactions and demeanor." Weiss also ties his argument regarding the motion for new trial to his argument that the trial court's rendition of judgment was void. Therefore, Weiss believes that the granting of the motion for new trial was void, or should be void, and urges this court to extend the requirement of stating a reason for granting a motion for new trial to bench trials.

However, as we have already discussed, Eichner's "motion for new trial" was functionally a motion to reconsider because the order granting Weiss's bill of review was interlocutory. A trial court retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered. *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993). Therefore, the trial court had the discretion to reconsider the interlocutory order granting the bill of review. Weiss's second issue on appeal argues standards regarding error that are specific to motions for new trial. Because Weiss's motion for new trial arguments cannot be more broadly applied to challenge the interlocutory order at issue, we overrule Weiss's second issue.

10

### III. CONCLUSION

We reverse the final judgment and remand the case to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d).

/s/ Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.