**WILEY–REITER CORPORATION, J.O. Reiter, Mary Ann Wiley & Reiter & Reiter, Appellants,**

v.

**Larry C. GROCE, Jr., Appellee.**

**No. B14–84–868–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 30, 1985.

Felix Kelley, Houston, for appellants.

J. Palmer Hutcheson, Geoffrey H. Bracken, Sewell & Riggs, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a judgment against appellants for defaulting on payments which were to have been made according to the terms of a settlement agreement and contract executed by appellants and appellee. We affirm.

The original suit arose from appellee's claims against appellants for breach of contract, common law fraud, fraud in connection with a transaction involving stock or real estate, violation of the Texas Deceptive Trade Practices Act and the Texas Securities Act. It concerned appellee's investment of $37,500 in certain gas leases in which several of the appellants held an interest. A written Settlement Agreement and Contract was executed by all the parties. This agreement was in lieu of appellee's obtaining a confession of judgment for punitive damages under the Deceptive Trade Practices Act and TEX.BUS. & COM.CODE ANN. § 27.01. It provided that appellants were to pay appellee's out-of-pocket damages and attorneys' fees on an installment basis. Appellants made timely payments of approximately one-half the amount of the principal owed and then missed two payments. The Settlement Agreement authorized appellee to confess judgment in his favor in the amount of three times the balance of the remaining payments due under the terms of the agreement in the event appellants failed to pay their contractual obligations when due. Appellee thus filed an affidavit of default and was granted judgment in the amount of $97,920, which represented three times the remaining balance due.

In two points of error, appellants claim the amount of judgment includes interest in the amount of $72,420, which is the equivalent of 284%. Specifically, in point one they allege that the trial court erred in granting a judgment based on a contract and agreement which is clearly usurious and as a matter of law violates TEX.REV. CIV.STAT.ANN. art. 5069–1.04(b)(1). In the second point of error, they contend that the trial court erred in granting judgment on an interest amount clearly in excess of double the amount of interest allowed under TEX.REV.CIV.STAT.ANN. art. 5069–1.04(b)(1). Therefore, appellee is required as a matter of law under TEX.REV.CIV. STAT.ANN. art. 5069–8.02 to forfeit the principal or principal balance and all interest or time price differential, plus all other charges.

Appellee responds in two reply points that appellants' first point of error should be denied because the district court properly granted the judgment, as the settlement agreement and contract do not violate TEX.REV.CIV.STAT.ANN. art. 5069 and

because appellants failed to preserve that issue for appeal. We agree. Appellee's reply points correctly reflect the law.

■ "For usury to apply there must be an overcharge by a lender for the use, forbearance or detention of the lender's money." *Stedman v. Georgetown Savings & Loan,* 595 S.W.2d 486, 489 (Tex.1979); TEX.REV.CIV.STAT.ANN. art. 5069–1.01 (Vernon 1971). The essential elements of a usurious transaction are a loan of money, an absolute obligation that the principal be repaid, and the exaction of a greater compensation for the use of the money by the borrower than is permitted by law. *Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982).

■ Appellants did not borrow any money from appellee, nor did Appellee charge appellant for the use or detention of appellee's money. Thus, the fundamental principle of the usury laws did not exist. *Crow v. Home Savings Association of Dallas County,* 522 S.W.2d 457, 459 (Texas 1975); *Stacks v. East Dallas Clinic,* 409 S.W.2d 842, 845 (Tex.1966). The requisite credit relationship which might have entitled appellants to invoke the protection of art. 5069 did not exist. The Settlement Agreement and Contract was not in any way based on a *lending* transaction. It was a court-approved compromise of appellee's damages claim for fraud and punitive damages together with appellee's agreement to convey, sell or assign working interests in certain oil and gas leases to appellants, provided that all payments were fully and timely paid by appellants in accordance with the provisions of the contract. The compromise included appellee's agreement to non-suit one of the individual defendants at the time and, if all parties performed their obligations under the terms of the agreement, to execute a take-nothing judgment against individual and corporate defendants. In the event all obligations were performed, appellee agreed to waive any cause of action he might have under the Texas Securities Act or any other cause of action which might arise from his continued ownership interest in the leases and wells. Appellee's agreement to forego any

further causes of action included his right to recover exemplary damages under TEX. BUS. & COM.CODE ANN. § 27.01(c) (Vernon Supp.1985) and the Texas Deceptive Trade Practices Act. Clearly, the agreement among the parties did not involve a debtor-creditor relationship as contemplated by art. 5069.

Each of appellants' points of error is based on the contention that the Settlement Agreement and Contract is usurious. However, appellants did not raise the issue of usury at the trial level by verified denial or other sworn allegation. A pleading setting up the charge of usury must be verified by affidavit; "unless such plea is filed, no evidence of usurious interest as a defense shall be received." TEX.R.CIV.P. 93(11). Appellants did not file a counterclaim or other affirmative defense raising the charge of usury between the time the settlement agreement was executed on November 28, 1983 and the date the judgment was entered, September 17, 1984. In *El Paso Environmental Systems v. Filtronics, Inc.,* 609 S.W.2d 810, 812–813 (Tex.Civ. App.—El Paso 1980, writ ref'd n.r.e.) the defendant pled defensively that it did not owe any interest because there was no agreement to pay interest. The court held that a pleading which simply denies that interest is due is not sufficient notice that defendant is claiming the elimination of the entire debt, an award of double the interest charge and attorneys' fees under TEX. REV.CIV.STAT.ANN. art. 5069–1.06 (Vernon 1971). The court cited TEX.R.CIV.P. 93 and *Houston Sash and Door Co. v. Heaner,* 577 S.W.2d 217 (Tex.1979) wherein the Supreme Court noted that Art. 5069–1.-06 is of a penal nature and must be strictly construed. The *El Paso* court concluded that it was too late for appellant to raise the usury issue for the first time in a Motion for New Trial or on appeal.

■ The individual appellants answered by denying each allegation in plaintiff's petition and demanded strict proof of each. The corporate defendant in its second amended original answer denied any liability to plaintiff, denied any interest in the

leases in question, and denied that it existed as a corporation at the time the contract between appellee and appellants was executed. It denied generally many of the specific allegations in plaintiff's petition and stated it could neither admit nor deny others. Appellants did not include usury as a defense in their pleadings; therefore, this court may not consider usury as a point of error. It is well-settled that an appellate court should not decide a case on a theory different from that on which it was pleaded and tried. *American Mutual Liability Insurance v. Parker*, 144 Tex. 453, 191 S.W.2d 844, 848 (1945). We overrule appellants' first point of error.

Further, as we find no error in the judgment of the trial court, we overrule the second point of error in which appellants allege that appellee is required to forfeit the principal balance and interest.

The judgment of the trial court is affirmed.