Affirmed and Memorandum Opinion filed July 24, 2008








Affirmed and Memorandum Opinion filed July 24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00673-CV

____________

 

FRANK F. STARR, Appellant

 

V.

 

HENRY DART, Appellee

 



 

On Appeal from the 189th
District Court

Harris County, Texas

Trial Court Cause No. 2007-04182

 



 

M E M O R A N D U M   O P I N I O N

Appellant Frank F. Starr appeals from the trial court=s judgment on
cross-motions for summary judgment in favor of appellee Henry Dart.  In a
single issue, Starr contends that the trial court erred by denying his summary
judgment motion and granting that of Dart, because the settlement agreement
Dart sued to enforce imposed usurious interest.  Consequently, Starr argues
that the settlement agreement is void and Dart owes Starr penalties and
attorney=s fees under the
Texas Finance Code.  We affirm.








Factual
and Procedural Background

Starr and Dart are parties to a Settlement and Release
Agreement (the ASettlement Agreement@) under which Dart
agreed to dismiss a lawsuit and transfer all of his stock in Edugration, Inc.
to Starr in consideration for $424,000.00.  This amount was to be paid by Starr
as follows:  (1) $100,000.00 on August 1, 2005; (2) $162,000.00 on June 1, 2006;
and (3) $162,000.00 on January 1, 2007.  Starr also agreed to pay an additional
$1,000.00 per day for any late payments.

Starr made the first payment of $100,000.00, and in
accordance with the Settlement Agreement, Dart dismissed the lawsuit with
prejudice.  However, Starr failed to timely make the second payment.  Starr and
Dart then negotiated an amendment to the Settlement Agreement, entitled AAddendum A.@  Under Addendum
A, Starr agreed to pay Dart $22,000, representing the Aliquidated damages@ that had accrued
between June 1, 2006, and June 23, 2006, as a result of Starr=s failure to
timely make the second payment.  Starr and Dart also agreed that the remaining
balance of $324,000.00 would be due on or before October 2, 2006, and Starr
again agreed to pay $1,000.00 per day as liquidated damages for each day after
October 2, 2006, that the full payment was not made.  However, Starr failed to
pay the $324,000.00 due October 2, 2006, or any liquidated damages as provided
in Appendix A.

Dart sued Starr to enforce the Settlement Agreement and
Addendum A, and moved for summary judgment on claims for breach of contract and
attorney=s fees.  Starr
responded to Dart=s motion and filed a cross-motion for
summary judgment, asserting that the $1,000.00 per day liquidated damages
provision was an unenforceable penalty and constituted usurious interest under
the Texas Finance Code.  In the trial court=s judgment
granting Dart=s motion for summary judgment and denying Starr=s cross-motion for
summary judgment, signed July 24, 2007, the trial court ordered that the
liquidated damages provision was an unenforceable penalty, but granted judgment
in favor of Dart in the amount of $324,000.00, as well as attorney=s fees and pre-
and post-judgment interest.  This appeal followed.








Analysis
of Starr=s Issue

Starr contends that the late fees of $1,000.00 per day are
not only an unenforceable penalty as the trial court held, but also are
interest charges far exceeding what is usurious under Texas law.  As a result,
Starr argues that the excessive charges both extinguish his debt and obligate
Dart to pay him statutory penalties and attorney=s fees.  When, as
here, the parties file cross-motions for summary judgment, one of which was
granted and the other denied, we review the summary judgment evidence presented
by both sides, determine all questions presented, and affirm or reverse
accordingly.  See Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661
(Tex. 2005).

A.      Usury

A usurious transaction is composed of three elements. 
There must be (1) a loan of money; (2) an absolute obligation to repay the
principal; and (3) the exaction of a greater compensation than allowed by law
for the use of the money by the borrower.  See, e.g., First Bank v. Tony=s Tortilla
Factory, Inc., 877 S.W.2d 285, 287 (Tex. 1994); Domizio v.
Progressive County Mut. Ins. Co., 54 S.W.3d 867, 872 (Tex. App.CAustin 2001, pet.
denied); Wiley-Reiter Corp. v. Groce, 693 S.W.2d 701, 703 (Tex. App.CHouston [14th
Dist.] 1985, no writ).  AInterest@ is defined under
the Finance Code as Acompensation for the use, forbearance, or
detention of money.@  See Tex. Fin. Code ' 301.002(a)(4).  AUsurious interest@ is defined as Ainterest that
exceeds the applicable maximum amount allowed by law.@  Id. ' 301.002(a)(17).  Because usury statutes
are penal in nature, they are strictly construed, and if there is any doubt as
to legislative intent to punish the activity complained of under usury
statutes, the doubt must be construed in favor of the lender.  Domizio,
54 S.W.3d at 872; Tygrett v. Univ. Gardens Homeowners= Ass=n, 687 S.W.2d 481,
484B85 (Tex. App.CDallas 1985, writ
ref=d n.r.e.).

 








B.      Starr=s Contentions

According to Starr, the late fees in this case constitute
interest because they are compensation for the detention of money, which Aarises when a debt
has become due and the debtor has withheld payment without a new contract
giving him the right.@  See Tygrett, 687 S.W.2d at 483. 
Starr also cites Pentico v. Mad-Wayler, Inc., 964 S.W.2d 708 (Tex. App.CCorpus Christi
1998, pet. denied), for the proposition that the late fees are interest because
A[l]ate charges
fall into the category of a contingent additional charge which [is] treated as
interest and added to the interest contracted for if a payment is received
after the expiration of the grace period.@  Id. at
715 (stating that late charges assessed for failure to timely make payments
under promissory note constituted interest because the statutory definition
includes compensation for the obligor=s detention of
money past the date it is due and payable). 








Dart concedes that in some instances the usury statutes may
apply to late fees, but argues that the usury statutes do not apply to the
Settlement Agreement and Addendum A, because the first essential element of a
usurious transaction is missing; namely, there is no loan of money.  See,
e.g., Crow v. Home Sav. Ass=n of Dallas County, 522 S.W.2d 457,
459B60 (Tex. 1975) (AIt is a
fundamental principle governing the law of usury that it must be founded on a
loan or forbearance of money; if neither of these elements exist, there can be
no usury.@); Garcia v. Tex. Cable Partners, L.P., 114
S.W.3d 561, 566 (Tex. App.CCorpus Christi 2003, no pet.) (holding
that late fees charged to cable television subscriber did not constitute usury
because a lending transaction was not involved); Domizio, 54 S.W.3d at
873 (stating that Afor the usury laws to apply, there must be
an overcharge by a lender for the use forbearance, or detention of the lender=s money@); Bexar County
Ice Cream Co., Inc. v. Swensen=s Ice Cream Co., 859 S.W.2d 402,
406 (Tex. App.CSan Antonio 1993, writ denied), overruled on other
grounds, Barraza v. Koliba, 933 S.W.2d 164 (Tex. App.CSan Antonio 1996,
writ denied) (noting that [t]here is a line cases holding that late charges are
not usurious interest if their payment is not pursuant to a credit or lending
transaction); Potomac Leasing Co. v. Housing Auth. of the City of El Paso,
743 S.W.2d 712, 713 (Tex. App.CEl Paso 1987, writ denied) (holding lease
agreement did not involve a lending or credit transaction and therefore the
usury laws did not apply); see also Sage St. Assocs. v. Northdale Constr.
Co., 863 S.W.2d 438, 440 (Tex. 1993) (holding that constitutional provision
proscribing usurious interest did not apply to the rate of prejudgment interest
set by a court because its language Agoverns only
lending and credit transactions@).

Moreover, in Wiley-Reiter Corp. v. Groce, this Court
reasoned that the usury statutes did not apply to a settlement agreement
because it did not involve a lending transaction or a debtor-creditor
relationship.  See Wiley-Reiter Corp., 693 S.W.2d at 703.  In that case,
Groce sued the Wiley-Reiter Corporation and others (AWiley-Reiter@) over his
investment in certain gas leases in which Wiley-Reiter held an interest,
claiming breach of contract, common law fraud, fraud in connection with a
transaction involving stock or real estate, and violation of the Deceptive
Trade Practices Act and the Texas Securities Act.  Id. at 702.  The
parties entered into a written settlement agreement in lieu of Groce=s obtaining a
confession of judgment for punitive damages under the DTPA and other statutory
claims.  Id.  The settlement agreement provided that Wiley-Reiter would
pay Groce=s out-of-pocket damages and attorney=s fees on an
installment basis.  Id.  Groce also agreed to convey, sell or assign
working interests in certain oil and gas leases to Wiley-Reiter, provided all
payments were made on time.  Id. at 703.[1] 
The settlement agreement also authorized Groce to confess judgment in his favor
in the amount of three times the balance of the remaining payments due under
the terms of the agreement if Wiley-Reiter failed to timely pay.  Id. at
702.   








When Wiley-Reiter missed two payments, Groce sought and was
granted judgment in the amount of $97,920.00, which represented three times the
remaining balance due.  Id.  Wiley-Reiter appealed, claiming that the
amount of the judgment included interest of $72,420.00Cthe equivalent of
284%Cand so clearly
violated the usury statutes as a matter of law.  Id.  Groce responded
that the settlement agreement did not violate the usury statutes and that
Wiley-Reiter failed to preserve the issue for appeal.  Id. at 702B03.  Turning to
the first issue concerning whether the settlement agreement was usurious, the
court determined that the usury laws did not apply.  As the court explained, AAppellants did not
borrow any money from appellee, nor did Appellee charge appellant[s] for the
use or detention of appellee=s money.  Thus, the fundamental principle
of the usury laws did not exist.@  Id. at
703.  Further, the court noted that the requisite credit relationship which
might have entitled Wiley-Reiter to invoke the protection of the usury laws did
not exist, as the settlement agreement Awas not in any way
based on a lending transaction.@  Id. 
Thus, the court concluded, the settlement agreement Adid not involve a
debtor-creditor relationship@ as contemplated by the usury statutes.  Id. 
The court next considered whether Wiley-Reiter had failed to preserve the issue
for appeal, and found that it had failed to do so because it did not properly
raise the issue below.  Id. at 704.








Starr attempts to distinguish Wiley-Reiter by
arguing that the holding was limited to the facts of the case, it was dicta
because the issue was waived, and the terms did not involve a transfer of an
interest in property.  Starr also argues that the basis for the usury claim, a
provision that called for the payment of three times the balance of the
payments due, could not have been usurious interest because the amounts claimed
to be usurious Awere included within the principal amount
of the judgment@ and were meant to equate to the punitive
or statutory damages the plaintiff sought.  In contrast, Starr contends the
payment and Alate fee@ provisions of the
settlement agreement in this case amount to a promissory note from Starr to
Dart, and there is no good policy reason to treat such a settlement agreement
differently than any other contract.  

However, although we have carefully considered Starr=s arguments, we
find Wiley-Reiter=s analysis of the issue instructive and
applicable to this case.  We agree with the Wiley-Reiter court=s reasoning that a
settlement agreement such as this one, freely entered into by parties to
litigation to compromise and settle their dispute, does not involve a lending
or credit transaction and is not the type of agreement the usury laws were
intended to govern.  Further, Starr has not cited to us any case that holds,
contrary to Wiley-Reiter, that such a settlement agreement may be
subject to the usury laws.[2] 
Therefore, based on Wiley-Reiter and our review of the case law and the
Finance Code, we reject Starr=s contention that the Settlement Agreement
and Appendix A were usurious.  We overrule Starr=s issue.

 

 

 

 








Conclusion

Having concluded that the Settlement Agreement and Addendum
A were not lending or credit transactions subject to the usury laws, we
overrule Starr=s issue and affirm the trial court=s judgment.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 24, 2008.

Panel consists of
Chief Justice Hedges and Justices Fowler and Boyce.









[1]  The compromise also included Groce=s agreement to non-suit one of the individual
defendants at the time and, if all parties performed their obligations under
the terms of the agreement, to execute a take‑nothing judgment against
individual and corporate defendants.  Wiley-Reiter Corp., 693
S.W.2d at 703.  In the event all obligations were performed, Groce agreed to
waive any cause of action he might have under the Texas Securities Act or any
other cause of action which might arise from his continued ownership interest
in the leases and wells.  Id.  





[2]  Starr cites several cases he contends have extended
the reach of the usury laws since Wiley -Reiter, but these cases are
distinguishable because they involve either  promissory notes or commercial or
consumer contracts for goods or services, and none apply the usury statutes to
a settlement agreement.  See Hoxie Implement Co., Inc. v. Baker, 65
S.W.3d 140, 154B55 (Tex. App.CAmarillo
2001, pet. denied) (on reh=g) (holding
that, because a jury found buyer did not breach allegedly usurious agreement to
purchase farm machinery from seller, no creditor/debtor relationship existed
upon which to conclude that seller committed usury); Pentico, 964 S.W.2d
at 715B16 (holding that erroneously-prepared amortization schedule
accompanying demand letter seeking late charges for failure to timely make
payments on promissory note constituted interest); Hardwick v. Austin
Gallery of Oriental Rugs, Inc., 779 S.W.2d 438, 443 (Tex. App.CAustin 1989, writ denied) (holding that late charge
demanded by holder of promissory note for late payments constituted interest); Commerce,
Crowdus & Canton, Ltd. v. DKS Constr., Inc., 776 S.W.2d 615, 617B18 (Tex. App.CDallas
1989, no writ) (holding that interest charged in construction contracts was
usurious without addressing whether the contracts constituted loans or lending
transactions); Butler v. Holt Mach. Co., 741 S.W.2d 169, 173B74 (Tex. App.CSan
Antonio 1987, writ denied) (holding late charges paid under extension of credit
to refinance outstanding balances on three contracts to purchase tractors and an
open account constituted interest).