

## NUMBER 13-13-00497-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JIM HERBERT HAMILTON JR.,                                    **Appellant,**

**v.**

BRAD LIVINGSTON, ERIC R. JOHNSTON,
MATT BARBER, LINCOLN CLARK,
AND NORMA J. PEREZ,                              **Appellees.**

### On appeal from the 156th District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant, Jim Herbert Hamilton Jr., an inmate proceeding pro se and *in forma pauperis*, appeals from an order dismissing his lawsuit against appellees, Brad Livingston, Eric R. Johnston, Matt Barber, Lincoln Clark, and Norma J. Perez, as frivolous

for failure to comply with chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC & REM. CODE ANN. §§ 14.001–.014 (West, Westlaw through 2013 3d C.S.). By two issues, Hamilton contends that the trial court erred (1) in dismissing his suit pursuant to chapter 14 of the civil practice and remedies code; and (2) by considering the Attorney General's *Amicus Curiae* Advisory in dismissing his claim. We affirm.

## I. BACKGROUND

Hamilton brought suit against Livingston, Johnston, Barber, Clark, and Perez, all Texas Department of Criminal Justice (TDCJ) officials, claiming that they violated section 501.067 of the government code when they denied him access to over-the-counter (OTC) medication due to his inability to pay for such medication. *See* TEX. GOV'T CODE ANN. § 501.067 (West, Westlaw through 2013 3d C.S.). Section 501.067 provides the following:

> (a) In this section, "over-the-counter medication" means medication that may legally be sold and purchased without a prescription.
>
> (b) The department shall make over-the-counter medication available for purchase by inmates in each inmate commissary operated by or under contract with the department.
>
> (c) The department may not deny an inmate access to over-the-counter medications as a result of the inmate's inability to pay for the medication. The department shall pay for the cost of over-the-counter medication for inmates who are unable to pay for the medication out of the profits of inmate commissaries operated by or under contract with the department.
>
> (d) The department may adopt policies concerning the sale and purchase of over-the-counter medication under this section as necessary to ensure the safety and security of inmates in the custody of, and employees of, the department, including policies concerning the quantities and types of over-the-counter medication that may be sold and purchased under this section.

*Id.*[1]

Regarding the alleged violation, Hamilton pleaded the following:

> [Hamilton, an inmate,] sought to obtain $21.50 worth of over-the-counter medication that may [l]egally be sold and purchased without a prescription. . . . When [his] inmate trust fund account card was scanned, Ms. Rupe[, the store clerk,] informed [Hamilton], he had no funds today. [Hamilton] . . . replied, he sought access to over-the-counter medication available to indigent offenders. Ms. Rupe sought instructions from the Commissary Manager, Defendant Perez. [Hamilton] heard Defendant Perez stated, "We ain't got nothing free! They need to go through the Law Library of [sic] medical Department."

Hamilton identified Livingston as the Executive Director of TDCJ and Johnston as the Director of the TDCJ Commissary and Trust Fund. In his pleading, Hamilton alleged that Johnston was responsible for the creation of a "policy that denied indigent offenders access to over-the-counter medication [and] requir[ed] offenders to go through medical for a prescription of medication that create[d] a financial hardship on the inmate who initiat[ed] an I-60 request to medical in the sum of $100.00 co-payment." He also alleged that Livingston was responsible for this policy's administration and enforcement. According to Hamilton, Perez, the commissary manager, was responsible for the day-to-day operation of the McConnell Unit's commissary and for continuously denying inmates who were unable to pay for the medication, access to OTC medication and Barber, an assistant warden, and Clark, an assistant Region IV director, were responsible for reviewing different levels of Hamilton's grievance process and upholding the commissary's alleged refusal to comply with section 501.067. Hamilton sought injunctive

---

[1] Section 501.067, titled "Availability of Certain Medication," is located in chapter 501, "Inmate Welfare," subchapter B, "General Medical and Mental Health Care Provisions," of the Texas Government Code. TEX. GOV'T CODE ANN. § 501.067 (West, Westlaw through 2013 3d C.S.).

3

relief and damages.

The Attorney General filed an Advisory with the trial court recommending dismissal for Hamilton's failure to comply with the requirements of chapter 14. It argued that the trial court should dismiss Hamilton's suit as frivolous because his claims had no basis in law. In his response, Hamilton argued that the trial court should deny the Attorney General's Advisory because it was untimely filed. On August 20, 2013, the trial court entered final judgment, dismissing Hamilton's claims as frivolous for failure to comply with the requirements of chapter 14. This appeal followed.

## II.  APPLICABLE LAW

Because Hamilton is proceeding *in forma pauperis* in this action, the requirements of chapter 14 of the Texas Civil Practice and Remedies Code govern his lawsuit. *See Parsons v. Dallas County*, 197 S.W.3d 915, 917 (Tex. App.—Dallas 2006, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) ("This chapter applies only to a suit brought by an inmate . . . in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.")); *see also Harrison v. Iglesias*, No. 13-01-160-CV, 2002 WL 366525, at *2 (Tex. App.—Corpus Christi Mar. 7, 2001, no pet.) (op., not designated for publication) (applying chapter 14 requirements in a lawsuit filed by an inmate who filed declaration of inability to pay costs). And as of January 1, 2012, chapter 14 applies to both original and appellate *in forma pauperis* inmate actions. *Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a); *see also Hickman v. Tex. Dep't of Crim. Justice*, No. 13-12-00437-CV, 2013 WL 3770916, at *2 (Tex. App.—Corpus Christi July 18, 2013, no pet.)

4

(mem. op.).

A court may dismiss a claim brought under chapter 14 if it is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. 14.003(a)(2). In consideration of the purposes of chapter 14, the discretion of the court to dismiss claims governed by chapter 14 is broad. *Jackson v. Tex. Dep't of Crim. Justice–Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied); *see Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ) (identifying the following reasons courts are given such broad discretion: (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective to deter frivolous claims; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants). Whether a claim has an arguable basis in law or in fact may be considered by the court in determining whether such a claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2). A court may consider whether an *in forma pauperis* inmate complies with certain procedural requirements in his original or appellate action, such as filing an affidavit of previous filings. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003(a)(2), 14.004; *see id.* § 14.003(b)(4) ("In determining whether a claim is frivolous or malicious, the court may consider whether . . . the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.").

### III. STANDARD OF REVIEW

We review a trial court's dismissal of an inmate's claims pursuant to chapter 14 under an abuse of discretion standard. *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex.

5

App.—Corpus Christi 2001, pet. denied). Abuse of discretion occurs if the trial court acted without any reference to guiding rules or principles. *Id.* The fact that an appellate court might decide a matter differently than the trial court does not demonstrate that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A clear failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995).

Because the order of dismissal in this case does not specify the grounds upon which it was granted, we will affirm the order if any of the grounds presented to the trial court were meritorious. *See Garza v. Garcia*, 137 S.W.3d 36, 37 (Tex. 2004); *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990) (explaining that an appellate court will affirm a dismissal if it was proper under any legal theory); *see also Brown v. Tex. Bd. of Crim. Justice*, No. 13-01-713-CV, 2002 WL 34249737, at *1 (Tex. App.—Corpus Christi June 20, 2002, no pet.) (op., not designated for publication). "In conducting our review, we take as true the allegations in the inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief." *Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g) (citing *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Harrison v. Tex. Dep't of Crim. Justice, Inst. Div.*, 164 S.W.3d 871, 875 (Tex. App.—Corpus Christi 2005, no pet.)). "A claim has no arguable basis in law if it is an indisputably meritless legal theory." *Id.* (citing *Scott*, 209 S.W.3d at 266–67).

6

## IV.   FAILURE TO COMPLY WITH CHAPTER 14 REQUIREMENTS ON APPEAL

We first address the Attorney General's contention that we should dismiss this appeal because Hamilton failed to comply with the procedural requirements of chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003(a)(2), (b)(4), 14.004. The Attorney General asserts that Hamilton is noncompliant because he failed to file an updated affidavit relating to previous filings with this Court. *See id.* § 14.004. However, on July 11, 2014, Hamilton filed his reply brief with an appendix. The appendix contained Hamilton's updated affidavit relating to previous filings. Because section 14.004 provides no timeframe for the filing of this affidavit, we conclude that Hamilton has satisfied this chapter 14 requirement. *See id.* § 14.004. And the Attorney General's argument fails.

## V.   DISMISSAL AS FRIVOLOUS—NO BASIS IN LAW

By his first issue, Hamilton contends that the trial court abused its discretion

in determining that Hamilton's original petition for injunction and damages alleging TDCJ and its agents have deliberately and intentionally created a policy and practice that encourage and instruct its staff [to] deny an inmate access to over the counter medication available for purchase by inmates in each inmate commissary, as a result of the inmate's inability to pay for the medication [h]as no basis in law.

On behalf of appellees, the Attorney General contends that the trial court properly dismissed Hamilton's claims, which were based on section 501.067 of the government code, because that section does not provide a private cause of action and because Hamilton cannot "amalgamate several causes of action[] with [g]overnment [c]ode

7

§[ ]501.067, including 42 U.S.C. §[ ]1983, to create a 'cognizable cause of action.'"[2]   We

agree with the Attorney General.

**1.      No Cause of Action under Section 501.067**

"Neither the [p]enal [c]ode nor the civil statutes establishing and governing

penitentiaries create private actions for the alleged wrongs of prison officials."   *Spellmon*

*v. Sweeney*, 819 S.W.2d 206, 211 (Tex. App.—Waco 1991, no writ).   And nowhere does

section 501.067 express a legislative intent to provide a private cause of action to an

inmate for a violation of the provisions governing the purchase of OTC medications by

inmates.   *See* TEX. GOV'T CODE ANN. § 501.067.   So to the extent Hamilton is attempting

to bring a section 501.067 private cause of action for appellees' alleged wrongs, it is a

meritless legal theory and provides no arguable basis in law.   *See Leachman*, 261

S.W.3d at 304 (citing *Scott*, 209 S.W.3d at 266–67).

**2.      No Section 1983 Claim for Alleged Violation of a Property Interest**

Nonetheless, Hamilton now contends that his claim is viable as a section 1983

claim.   *See* 42 U.S.C.A. § 1983 (West, Westlaw through 2014 P.L. 113–125) ("Every

---

[2] The Attorney General also claims that Hamilton is now asserting on appeal that he was entitled to a hearing before the trial court dismissed his claims.   This could be a proper challenge if, without a hearing, the trial court had dismissed his claims on the ground that there was no basis in fact.   *See Harrison v. Tex. Dep't of Crim. Justice, Inst. Div.*, 164 S.W.3d 871, 875 (Tex. App.—Corpus Christi 2005, no pet.) ("Because the trial judge held no hearing on the motion to dismiss, he may not dismiss on the ground that there was no arguable basis in fact.").   But Hamilton states in his reply brief that he "does not make such assertion."   He explains that when he referred to "holding a hearing on factual issues" in his appellate brief, he was "merely outlin[ing] for the [C]ourt's convenien[ce] the applicable law in which Texas [c]ourt[s] of [a]ppeals have held how their review of a pro se litigant's case should be reviewed when the trial court fails to conduct a 'factual' hearing when it dismisses a claim or suit."   By this statement and the issues and arguments presented on appeal, it is apparent that Hamilton and the Attorney General agree that the trial court generally dismissed Hamilton's claims as frivolous on the ground that they had no basis in law, not in fact.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West, Westlaw through 2013 3d C.S.); *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.).   So our review focuses on whether Hamilton's lawsuit has an arguable basis in law.

person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .").  We disagree.

In his original petition for injunction and damages, Hamilton identified the parties and their alleged non-compliance with government code section 501.067 as the basis for his pleadings.  Hamilton did not cite to any authority regarding, for example, due process protection or whether he has "a legitimate claim of entitlement to it."  *See Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 459–60 (1989).  Hamilton did not plead the denial of a protected property interest.

Now, on appeal, Hamilton argues that he pleaded a section 1983 claim for alleged violations of a property interest in any over-the-counter medications.  He asserts that the "property interest in the medication available to the indigent inmate through the [g]overnment [c]ode" forms the basis of his alleged 1983 claim.  Hamilton bases his appellate argument on the alleged denial of a property interest in the medication—an interest he claims the government code section 501.067 created.[3]  However, "[i]t is well-

---

[3] It is apparent that Hamilton uses the phrase "liberty/property interest" in his appellate writing in an attempt to support his argument that he pleaded the deprivation of a property interest in the trial court when he used the phrase "liberty interest" in his original petition.  When discussing Clark's denial of his grievance at paragraph VIII of his petition, Hamilton set out the following:

On November 1, 2012, pursuant to policy Plaintiff filed his step 2 grievance with defendant L. Clark, alleging, his dissatisfaction with step 1 response because McConnel[l] Units commissary deliberate failure to make over-the-counter medication available to indigent grievant due to his inability to pay for the medication denied grievance [sic] a liberty interest

settled that an appellate court should not decide a case on a theory different from that on which it was pleaded and tried." *Loera v. Interstate Inv. Corp.*, 93 S.W.3d 224, 228 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (quoting *Wiley-Reiter Corp. v. Groce*, 693 S.W.2d 701, 704 (Tex. App.—Houston [14th Dist.] 1985, no writ)).  Hamilton cannot rewrite his pleadings by alleging new causes of action for the first time on appeal.  *See id.*

We conclude Hamilton had no arguable bases in law for his suit.  The trial court did not abuse its discretion in dismissing his suit as frivolous on that basis.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2).  We overrule Hamilton's first issue.

## VI. CONSIDERATION OF *AMICUS CURIAE* ADVISORY

By his second issue, Hamilton contends that the trial court abused its discretion when it dismissed his claims after considering the Attorney General's Advisory.  He argues that the trial court erred when it allowed the Attorney General to use "the *Amicus*

---

created by state statu[t]e.  January 14, 2013, Plaintiff received Defendant Clark's response dated November 11, 2012, reciting the last part of the statute concerning TDCJ's ability to adopt policies and instructed plaintiff to submit a sick call to medical if he nee[ds] medication. . . .

At paragraph X of his petition, Hamilton again referred to the following liberty, not property, interest:

Defendants will continue [to] deny indigent offenders access to over-the-counter medication because of their inability to pay the cost of the medication causing irreparable harm.  Forcing him to initiate a visit to health care service for over-the-counter medication that is available at a cheaper prices than the $100.00 co-pay that will inevitably be assessed.  As a direct and proximate result of Defendant's conduct as above described, their interference with plaintiff's liberty interest also alter the status quo of the availability of the over-the-counter medication to indigent offenders, through the Government code, unless Defendant's compliance with the Government statute is complied by the equitable power of the court, the over-the-counter medication will not be available to any offender who is unable to pay cost medication. . . .

And although Hamilton used the phrase "liberty interest" in his petition, he clearly abandoned the "liberty interest" argument on appeal.  Moreover, we conclude any such argument, without more, is inadequately briefed.  *See* TEX. APP. R. 38.1(i).

*Curiae* route to occupy the position of attorney for TDCJ and its agents to argue the facts of Hamilton's suit and challenge the validity of process of service orded [sic] by the trial court." Yet it is well within the trial court's discretion to dismiss a claim under the purview of Chapter 14, before or after service of process, if the court finds such a claim frivolous. *See id.* § 14.003(a)(2). And while courts may consider suggestions from amicus curiae briefs, they are constrained to take only actions that are available to the court in the absence of the suggestions of the amicus curiae. *See State v. Jefferson Iron Co.*, 60 Tex. 312, 314–15 (Tex. 1883); *Moseby v. Burrow*, 52 Tex. 396, 403 (Tex. 1880); *Jackson v. Birk*, 84 S.W.2d 332, 332 (Tex. Civ. App.—Fort Worth 1935, no writ); *see also Kelley v. Scott*, No. 14-01-00696-CV, 2003 WL 21229275, at *1 (Tex. App.—Houston [14th Dist.] May 29, 2003, no pet.) (mem. op.).

In this case, we have already determined that the trial court did not abuse its discretion when it dismissed appellant's claims as frivolous pursuant to chapter 14, an action that was available to the court under the law even in the absence of any suggestions made in the Attorney General's Advisory. *See The Jefferson Iron Co.*, 60 Tex. at 314–15. We further conclude that it did not err in considering the Advisory. We overrule Hamilton's second issue.

## VII. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 4th
day of December, 2014.

11