

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00219-CV

**ADRIAN BAKER AND CHARLES BAKER
ON BEHALF OF THE JAMES BAKER ESTATE,**

**Appellants**

**v.**

**LIMESTONE COUNTY, TEXAS,**

**Appellee**

**From the 77th District Court
Limestone County, Texas
Trial Court No. 6023-A**

## MEMORANDUM OPINION

In what appears to be six issues, appellants, Adrian Baker and Charlie Baker on behalf of the Estate of James Baker, challenge various orders granted in favor of appellees, Limestone County, George H. Gardner, Jose Candanoza, and Maria J. Candanoza. We affirm.

## I.  BACKGROUND

This case commenced in the trial court with the filing of a tax suit by Limestone County against the Estate of James Baker for delinquent taxes corresponding with 18.27 acres of land.  Charlie Baker, acting on behalf of the estate, filed an answer and general denial.  Later, Charlie and his son, Adrian Baker, filed, on behalf of the estate, an "Amended Answer and Counter & Cross-Petition" against George H. Gardner and Javier Candanoza, asserting counterclaims and third-party claims that the tax suit was not based upon an identifiable 18.27-acre tract of land owned by the estate and alleging that a judgment signed in 1987 in a previous case should be declared void.[1]  Both Gardner and Javier Candanoza filed answers to the Bakers' counterclaims and third-party claims.

After realizing that the Bakers' 18.27-acre tract had been "double assessed," Limestone County removed the account from the tax roll and filed a motion for nonsuit.

---

[1] In the trial court, the Bakers sought to ascertain the location of the 18.27-acre tract that was the subject of the tax suit.  Because the land records and the tax office did not identify the 18.27-tract of land, the Bakers believed that the property could be a part of a 26.73-acre tract of land obtained by the Bakers in or around 1925.  The Bakers also surmised that the 18.27-acre tract of land could also have been part of an 85.913-acre tract of land that was the subject of a 1987 judgment.  In the 1987 case, the trial court concluded that: (1) Wiley and Charlie Baker, individually and on behalf of the Baker family, did not adversely possess the 85.913-acre tract of land; and (2) title to the 85.913-acre tract of land should be awarded to George H. Gardner.

In 1991, Wiley filed another lawsuit against Gardner regarding the property awarded to Gardner in the 1987 judgment.  The trial court granted Gardner injunctive relief regarding the property and attached a survey of field notes of a metes-and-bounds description of the property.  The metes-and-bounds description was the same as those contained in Exhibit B of the 1987 judgment and contained in the warranty deed conveyed by Gardner to the Candanozas on August 2, 2004.  The 1991 judgment also included a provision, which stated: "To further clarify this judgment, a plat of the land is marked as Exhibit B and attached to this judgment, and the land described and mentioned herein is outlined in yellow so that there can be no misunderstanding as to the exact boundaries and location of said land."

Shortly thereafter, the Bakers filed a motion for severance, asserting that "a review of the [1987] judgment reveals that the judgment could not stand . . . and said judgment[] was void as a matter of law" and requesting that their counterclaims be severed from the tax suit. The trial court denied the Bakers' motion for severance.

Later, the Bakers filed a motion for summary judgment seeking "to determine and have declared" the 1987 judgment "void as a matter of law" and asserting a claim that they adversely possessed 56.07 acres of land adjudged the property of Gardner. Gardner filed an amended answer, asserting the affirmative defense of res judicata as to the collateral attack on the 1987 judgment, as well as the affirmative defenses of statute of limitations, estoppel, and laches. Gardner also filed a counterclaim against the Bakers for violating an injunction issued in 1991 that prohibited the Bakers from, among other things, interfering with the use and enjoyment of the 85.913-acre tract of land awarded to Gardner in 1987.[2] Moreover, Gardner filed a motion for summary judgment, arguing that the Bakers' claims were impermissible collateral attacks upon the 1987 and 1991 judgments and were barred by res judicata.

The Bakers then filed a "Second Amended Answer and Counter & Cross-Petition," adding Maria J. Candanoza, First National Bank of Groesbeck, Texas (in its capacity as lienholder), and Carl B. Sadler III, Trustee, as "cross-defendant[s]" regarding the Bakers'

---

[2] Javier and Maria J. Candanoza own the subject 85.913-acre tract at issue as co-trustees for the benefit of their children, pursuant to the provisions of their divorce decree out of the 87th District Court in Limestone County.

claims collaterally attacking the 1987 judgment. Maria Candanoza filed an answer asserting the affirmative defense of res judicata and a motion for summary judgment, on both traditional and no-evidence grounds, alleging that the Bakers' collateral attacks of the 1987 judgment are barred by res judicata.

The trial court granted Limestone County's motion for nonsuit. The trial court also signed orders granting summary judgment in favor of Maria Candanoza, Javier Candanoza, and Gardner and denying the Bakers' summary-judgment motion. Additionally, pursuant to a motion filed by the Bakers, the trial court subsequently entered an order of nonsuit as to First National Bank of Groesbeck, Texas, and Carl B. Sadler III. This appeal followed.[3]

## II.   ANALYSIS

In the instant case, the Bakers allege the following: (1) that the trial court erred by granting summary judgment in favor of Maria Candanoza and Gardner because a disputed issue of material fact exists; (2) the 1987 judgment is void and, thus, subject to collateral attack; (3) the trial court erred by ignoring its scheduling order and allowing summary-judgment motions to be submitted after the date set for trial; (4) the trial court committed reversible error by granting a nonsuit to Limestone County; (5) Limestone County and the Candanozas committed extrinsic fraud; and (6) the Bakers' claim for

---

[3] In the appendix to their brief, the Bakers included three orders, which appear to be the only orders challenged on appeal: (1) the order granting nonsuit to Limestone County; (2) the order granting summary judgment to Maria Candanoza; and (3) the order granting summary judgment to Gardner.

adverse possession remains viable for the period from 1926 to 1987 and from 1990 to the present.

On appeal, the Bakers argue that the trial court should not have granted Limestone County's motion for nonsuit because "it would leave unresolved issues raised regarding the efficacy of and the validity of the judgment in Cause No. 19994-A which was rendered in 1987."[4] For the reasons stated below, we conclude that this argument lacks merit.

A plaintiff may take a nonsuit at any time before it has introduced all its evidence other than rebuttal evidence. *See* TEX. R. CIV. P. 162. "If a claim is timely nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost." *City of Dallas v. Albert*, 354 S.W.3d 368, 375 (Tex. 2011); *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (noting that a nonsuit "renders the merits of the nonsuited case moot"); *see also In re Riggs*, 315 S.W.3d 613, 616 (Tex. App.—Fort Worth 2010) (orig. proceeding) (stating that "[a] nonsuit extinguishes a case or controversy from the moment the motion is filed or when an oral motion is made in open court" and that "[i]f a defendant has no pending claim for affirmative relief, a trial court's refusal to grant a nonsuit violates a ministerial duty"). A nonsuit is effective when filed and extinguishes a case or controversy from the moment of filing or an oral motion made

---

[4] The Bakers' first four issues center on their attempt to collaterally attack the 1987 judgment and the trial court's rulings. As stated above, the Bakers claims against Gardner and Maria Candanoza were additional attempts to collaterally attack the 1987 judgment. The Bakers' final two issues on appeal pertain to assertions that were not alleged in the trial court, but rather for the first time on appeal.

in open court. *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006).

However, a nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief" and "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal." TEX. R. CIV. P. 162. Therefore, a party's nonsuit does not deprive the trial court of jurisdiction over the opposing party's pending claim for affirmative relief. *Williams v. Nat'l Mortg. Co.*, 903 S.W.2d 398, 402-03 (Tex. App.—Dallas 1995, writ denied); *see Travelers Ins. Co.*, 315 S.W.3d at 863 (stating that a trial court continues to have jurisdiction over an opposing party's counterclaims after a party nonsuits its claims). Moreover, "[a]fter a nonsuit, a trial court retains jurisdiction to address collateral matters, such as motions for sanctions," even if filed after the nonsuit. *Travelers Ins. Co.*, 315 S.W.3d at 863.

As stated earlier, Limestone County filed suit against the Estate of James Baker for delinquent taxes corresponding with an 18.27-acre tract of land. The Bakers' defenses to the tax suit were that there was no identification of the 18.27 acres at issue and that the land was being double taxed because the Bakers believed the acreage is included in property included in the 1987 judgment awarded to Gardner. In other words, the Bakers argued that they did not know what 18.27 acres Limestone County was complaining about and that, based on the inability to identify the 18.27 acres, the 1987 judgment awarding the property to Gardner is void.

Thereafter, Limestone County moved to nonsuit the tax suit. The filing of Limestone County's nonsuit had the effect of mooting the entire controversy pertaining to the delinquent taxes. Furthermore, the filing of Limestone County's nonsuit also had the effect of extinguishing the Bakers' defenses and arguments in the tax suit, as none of the defenses or arguments were affirmative claims for relief that would survive the nonsuiting of Limestone County's tax suit.

Specifically, the Texas Supreme Court has stated that:

To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation, or relief, even though the plaintiff may abandon his cause of action or fail to establish it.

Thus, under Rule 162, if a defendant does nothing more than resist plaintiff's right to recover, the plaintiff has an absolute right to the nonsuit. The use of a creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff of this right.

*BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (internal citations & quotations omitted).

Here, the Bakers' arguments that they were unsure what 18.27 acres Limestone County was complaining about and that, based on the inability to identify the 18.27 acres, the 1987 judgment awarding the property to Gardner is void do not constitute claims for affirmative relief from the county. To be more accurate, the Bakers used Limestone County's tax suit to dispute Limestone County's insistence that they owed taxes on 18.27 acres and, more importantly, to collaterally attack the 1987 judgment. Regardless, the

arguments made by the Bakers were merely part of their resistance to Limestone County's right to recover under the tax suit. *See* TEX. R. CIV. P. 162; *see also BHP Petroleum Co.*, 800 S.W.2d at 841.

Accordingly, we conclude that the filing of Limestone County's nonsuit mooted any question as it may have existed between the County and the Bakers regarding the location of the 18.27 acres, as well as whether the acreage was within the property awarded to Gardner pursuant to the 1987 judgment.[5] *See Glassdoor, Inc. v. Andra Grp., L.P.*, 575 S.W.3d 523, 527 (Tex. 2019) ("As we have explained, a case becomes moot during

---

[5] We also note that, even if the Bakers' attempt to collaterally attack the 1987 judgment was not mooted by Limestone County's nonsuit, it lacks merit. Specifically, only a void judgment can be collaterally attacked. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012); *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). A judgment is void when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. *PNS Stores, Inc.*, 379 S.W.3d at 272; *Browning*, 165 S.W.3d at 346. Because it is the policy of the law to give finality to judgments, collateral attacks on judgments are generally disallowed. *Browning*, 165 S.W.3d at 345. Furthermore, when reviewing a collateral attack, we presume the validity of the judgment under attack. *PNS Stores, Inc.*, 379 S.W.3d at 273. However, this presumption does not apply when the record affirmatively reveals a jurisdictional defect. *Id.* (citing *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008)).

To prevail on a collateral attack, a party must show that the judgment is void, not merely voidable, and must do so from the face of the record. *In re Estate of Blankenship*, 392 Sl.W.3d 249, 257 (Tex. App.—San Antonio 2012, no pet.) (citations omitted). Evidence outside of the record cannot be used to show a lack of jurisdiction. *See PNS Stores, Inc.*, 379 S.W.3d at 273.

In the present case, the Bakers do not establish that the 1987 judgment is void on its face. Indeed, the Bakers do not allege that the trial court, in 1987, lacked subject-matter jurisdiction or personal jurisdiction over the parties. In fact, the face of the judgment establishes jurisdiction, as the property is located within Limestone County. Instead, the Bakers provide numerous pages of briefing and voluminous deed records to collaterally attack the 1987 judgment. The Bakers' reliance on extrinsic evidence is not the proper way to show a lack of jurisdiction in a collateral attack on a prior judgment. *See PNS Stores, Inc.*, 379 S.W.3d at 273; *see also Alderson v. Alderson*, 352 S.W.3d 875, 879 (Tex. App.—Dallas 2011, pet. denied) (concluding that a collateral attack failed because the attacking party was required to show that the judgment was void on its face without relying on extrinsic evidence, but failed to do so).

the pendency of the litigation 'if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer live, or if the parties lack a legally cognizable interest in the outcome.'" (quoting *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012))). Moreover, because the central focus of the majority of the Bakers' claims in the trial court and on appeal is the collateral attack on the 1987 judgment, and because the Bakers' final two "issues" involve assertions raised for the first time on appeal, we overrule all of the Bakers' issues on appeal. *See Loera v. Interstate Inv. Corp.*, 93 S.W.3d 224, 228 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (concluding that claims that were never pleaded, were not issues at trial, and were not the subject of a request for findings of fact or conclusions of law were not preserved for appellate review); *see also Wiley-Reiter Corp. v. Groce*, 693 S.W.2d 701, 704 (Tex. App.—Houston [14th Dist.] 1985, no writ) ("It is well-settled that an appellate court should not decide a case on a theory different from that on which it was pleaded and tried.").

## III. CONCLUSION

We affirm the orders of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Neill,
      and Justice Johnson
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed February 3, 2021
[CV06]

*(Chief Justice Gray concurs in the Court's judgment to the extent that it has the effect of affirming the trial court's judgment. A separate opinion will not issue. Chief Justice Gray notes, however, that the County's nonsuit necessarily mooted the County's claims against the Bakers which likewise mooted Bakers' defenses to that suit as against the County. Moreover, the trial court did not err in granting the motions for summary judgment on the merits in favor of the cross-defendants/appellees herein. And to the extent of Bakers' argument about inadequate notice of setting of the hearing on the motion for summary judgment, such error, if any, was harmless. Accordingly, finding no reversible error is presented by the appellants, Chief Justice Gray agrees with the Court's affirmance of the trial court's judgment.)

